MARGARET BARRY, Respondent, *v.* PATRICK LAMBERT, surviving Executor, etc., Appellant.

Where a will directs the executors to keep the funds of the estate invested, it is within their power, if a profitable investment is offered, larger in amount than the available assets of the estate, to supplement them with funds of other parties, if they can be legitimately obtained ; and it is not inconsistent with their duties as executors, to act as trustees of such other parties as to the funds so obtained.

The act of any one of two or more co-executors within the scope and authority of his agency is binding upon his associates.

In an action brought to have a trust declared in plaintiff's favor in a bond and mortgage, executed to defendant and to M. as executors, it appeared that plaintiff delivered to M. $2,000, and on the same day the latter, with defendant, loaned $1,800 of this same money, together with $6,000 belonging to the estate and $200 belonging to M., taking as security therefor the bond and mortgage in question. Plaintiff was then permitted to prove, under objection and exception, declarations of M. made in the presence of plaintiff and others soon after the transaction, when she was in feeble health and her early death anticipated, to the effect that

she had received the $2,000 to make up the sum loaned, and that plaintiff was to have an interest in the mortgage as security, and to receive her share of the interest as it was paid, and that she intended to make an acknowledgment to that effect in writing. *Held,* that the evidence was properly received, and constituted a good declaration of trust ; that it was an act done in the performance of the executors' duty, which operated upon, and was enforceable against, the estate to the extent of the money of the plaintiff which was invested in said securities.

(Argued January 30, 1885 ; decided March 3, 1885.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made December 11, 1883, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This action was brought to have a trust declared in plaintiff's favor in a bond and mortgage held by defendant as executor of the will of Thomas Lambert, deceased, and to compel an assignment of the interest claimed by defendant therein.

By the will of said Lambert defendant was appointed executor, and Maria Lambert, now deceased, executrix, and they duly qualified as such. They were authorized by the will to invest the funds of the estate. Having in their hands $6,000 to invest, they made an arrangement to loan $8,000, to be secured by bond and mortgage. Plaintiff alleged that for the purpose of making up the amount she delivered to said Maria Lambert $2,000 upon the agreement and understanding that said sum should be added to the $6,000 and used in making said loan ; that to the amount so invested plaintiff should be interested in the securities, and they should be held by the executors in trust for her benefit.

The further facts, so far as material, are stated in the opinion.

*William E. Osborn* for appellant. An action in affirmance of an illegal contract cannot be maintained. (*Powers* v. *Shepard,* 48 N. Y. 450; *Smith* v. *City of Albany,* 7 Lans. 14; 61 N. Y. 444; *Platt* v. *Adams,* 7 Paige, 615 ; *Otis* v. *Harri-*

*son*, 35 Barb. 210; *Willis* v. *Clark*, 20 Wend. 24; 4 Hill, 424; *Harrison* v. *Bigelow*, 11 Paige, 349; *Rose* v. *Truax*, 21 Barb. 361; *Chamberlain* v. *Barnes*, 26 id. 160.) Collusion is any intermeddling with the executor, or the assets of the testator, by which the executor is guilty of a violation of his duty. (*Murray* v. *Blatchford*, 1 Wend. 585.) The mixing of any assets of the estate with the funds of himself or of another is a violation of his duty, and a breach of his trust. (Perry on Trusts, § 447; Adams' Eq. Jur. [7th Am. ed.] 57, 59.) The mixing of trust moneys with moneys of another, and taking a joint mortgage for the whole, is a violation of duty, and a breach of trust. (Perry on Trusts, § 463.) If a breach of trust has been committed, the trustee will be liable to make good every consequent loss; not only that loss which immediately results, but that also which is traceable to the breach of duty as the legitimate effect of such breach. (Adams' Eq. Jur. [7th Am. ed.] 61.) A person receiving, from an executor, assets of an estate, knowing that such disposition of them was a violation of the executor's duty, should be adjudged conniving with the executor to work a *devastavit*, and as accountable to the persons injured by such disposition. (*Colt* v. *Lansier*, 9 Cow. 320; *Socio* v. *Berthond*, 19 Barb. 15.) Courts of equity will never raise a resulting trust, where it would contravene a provision of law, founded in public policy, or would assist the parties in evading that provision or policy. (Story's Eq. Jur., § 1201 *b*.) An executor may disburse and use the funds of the estate for purposes authorized by law, but may not bind the estate by an executory contract, and thus create a liability not founded upon a contract or obligation of the testator. (*Austin* v. *Munro*, 47 N.Y. 366; *Ferrin* v. *Myrick*, 41 id. 315.) The evidence of admissions, or declarations by the deceased executrix, is not competent or admissible against the defendant, or the estate which he represents. (*Church* v. *Howard*, 79 N. Y. 415; *Elwood* v. *Diefendorf*, 5 Barb. 398.) There is no agency existing between executors which makes the admissions of one binding on the others, or evidence against the estate. An acknowledgment of a debt, or a pay-

ment thereon, by one of two joint or several, or joint and several debtors, is held not admissible to revive a debt against the statute of limitations as against the others, and is not evidence against them.  (*Winchell* v. *Hicks*, 20 N. Y. 558; *Van Keuren* v. *Parmerlee*, 2 Comst. 523; *Shoemaker* v. *Benedict*, 11 N. Y. 176; *McLaren* v. *McMartin*, 38 id. 88.)  In an action against the surviving partner of a firm, upon a contract made with it, the plaintiff is a competent witness to testify to a personal transaction had with the deceased partner, if the defendant was present at the time of its occurrence. (*Kale* v. *Elliott*, 18 Hun, 198; 7 Weekly Dig. 300.)  If the party testifying took any part in the conversation, he is incompetent to testify to a conversation between the deceased and a third party. (*Smith* v. *Ullman*, 26 Hun, 386; *Hunter* v. *Herrick*, id. 72; *Kraushaar* v. *Meyer*, 72 N. Y. 602; *Petit* v. *Gessler*, 58 How. Pr. 195.)

*N. C. Moak* for respondent.  A court of equity will always intervene to separate the investments and to give each *cestui que trust* his share where different trusts have been mingled. (2 Perry on Trusts, §§ 837–842.)  One dealing with the property of others, although under the mistaken belief that it is his own property, does so at his peril and must answer to the true owner for his acts. (*Comstock* v. *Hier*, 73 N. Y. 269.)  No particular form of words is necessary to constitute a trust. (*Martin* v. *Funk*, 75 N. Y. 141; *Hazewell* v. *Coursen*, 36 N. Y. Supr. 460; *Willis* v. *Smyth*, 91 N. Y. 297.)  A court of equity will act upon the ground of implied trusts *in invitum* when a party receives money which he cannot conscientiously withhold from another party. (Story's Eq. Jur., § 1255; *Newton* v. *Porter*, 69 N. Y. 133; *Haddon* v. *Lundy*, 59 id. 239.)  The power of the executrix to bind the estate is ample.  (3 Bac. Abr., Exrs. & Admrs. D.; *Hudson* v. *Hudson*, 1 Atk. 460; *Murray* v. *Blatchford*, 1 Wend. 583; *Boughton* v. *Flint*, 13 Hun, 206; *Gilman* v. *Gilman*, 6 N. Y. Sup. Ct. 211; *Jackson* v. *Robinson*, 4 Wend. 437.)  Declarations of executors, in the course of administration, are binding.  (79 N.

Y. 419.) There is a clear distinction between an existing claim and doing an act to revive one already barred.. (*Heath* v. *Grenell*, 61 Barb. 202.) The evidence in this case was admissible as part of the *res gestæ*. (*Swift* v. *Mass. Mut. L. Ins. Co.*, 63 N. Y. 186; *Crary* v. *Sprague*, 12 Wend. 680; 1 Cow. & Hill's Notes to Phil. on Ev. 188 [5th Am. ed. 152], 194 [158].) From the facts in this case, it must be presumed that the plaintiff's money went into the mortgage. The burden is then thrown upon defendant to prove that it did not. It is only necessary, therefore, that our case should stand on *prima facie* evidence. (2 Phil. on Ev. 599, 612; *Met. Bk.* v. *Smith*, 4 Robt. 229; *Gordon* v. *People*, 33 N. Y. 508; *Booth* v. *Bunce*, id. 159; *Dayton* v. *Ryerson*, 13 How. Pr. 281; *People* v. *Pease*, 27 N. Y. 45; *Rockwell* v. *Tunnicliff*, 62 Barb. 408.) The evidence that the money had not been paid back could do defendant no injury. Payment is an affirmative defense requiring to be affirmatively pleaded and proved. (*McKyring* v. *Bull*, 16 N. Y. 297.) Evidence of what one did in the presence of another, who has since died, is proper. (*Steele* v. *Ward*, 30 Hun, 555; *Cary* v. *White*, 59 N. Y. 336; *Witthaus* v. *Schack*, 24 Hun, 328; *Holcomb* v. *Holcomb*, 17 Week. Dig. 226; *Estate of Le Baron*, 6 Civ. Pro. R. 62; *Tenny* v. *Berger*, 93 N. Y. 524.)

RUGER, Ch. J. The evidence in this case, outside of the admissions of the defendant's deceased co-executrix, tended strongly to show that the plaintiff immediately previous to January 31, 1882, delivered to Maria Lambert, defendant's co-executrix, the sum of $2,000 in bills of the denomination of $100 each, and on that day the defendant with his co-executrix of the estate of Thomas Lambert, loaned $1,800 of this identical money, together with $6,000 belonging to the estate, and about $200 belonging to Mrs. Lambert, in one aggregate sum of $8,000 to Margaret Lawrence, taking back a bond and mortgage as security therefor to themselves as executors.

Outside of such declarations, however, the evidence was not entirely clear as to the particular understanding and agree-

ment with reference to the disposition of these moneys entered into, between Mrs. Lambert and the plaintiff, when the money was delivered to her. This evidence was attempted to be supplied by proof of certain declarations, made by the deceased co-executrix, Maria Lambert, soon after the loan was made, in the presence of the plaintiff and other parties. Mrs. Lambert was at that time in feeble health, and her early death was then anticipated. The declarations were offered to be proved by the witnesses who were present, at the time they were made, but their admission was objected to by the defendant upon the ground that the declarations of one executor were not admissible as against his associate. The objection was overruled by the court and the evidence was received, to which ruling the defendant excepted. This exception presents the only serious question in the case.

The proof showed that Mrs. Lambert then made statements to the effect that she had received $2,000 from the plaintiff, to make up the sum of $8,000 loaned to Mrs. Lawrence, and that plaintiff was to have an interest in the mortgage taken as security for the loan, and to receive her share of the interest as it was paid by the mortgagor; that she intended to make an acknowledgment to that effect, either by her will, or in a separate instrument, before she died. She also stated that she expected to live until September. She in fact died in June soon after this conversation. These declarations were made by Mrs. Lambert in reply to a request on behalf of, and in the presence of the plaintiff, that she should make such a declaration or acknowledgment, as, in the event of her death, would render the interest of the plaintiff in the Lawrence mortgage secure to her. Mrs. Lambert then promised to attend to it as soon as she got a little stronger, but death intervened before she was able to perform her undertaking.

Assuming for the purpose of the argument that this evidence was admissible, there can be no doubt that these facts raised a valid implied trust *in invitum* (*Haddow* v. *Lundy*, 59 N. Y. 320 ; *Newton* v. *Porter*, 69 id. 137) and that the express acknowledgment made by Mrs. Lambert, operated as a full

and perfect declaration of trust, sufficient within the authorities to charge the property then in the hands of the executors, with the obligations of the trust.

While there is no proof of any express stipulation made between the parties at the time the money was delivered, that the security for the loan was to be taken in such form as to disclose the plaintiff's interest therein, yet an understanding to the effect that the plaintiff was the owner of one-fourth of the mortgage, and of the interest accruing thereon must be implied, from the absence of any agreement transferring the title of the money advanced to the executors. A trust by implication arises from the use of the money according to such understanding and agreement, and notwithstanding the security was taken in the name of the executors, equity will protect the interest of the beneficiary, and follow the property in which the money was invested, and impose a lien thereon in favor of the plaintiff to the extent of the sum belonging to her thus advanced and invested. (*Price* v. *Blakemore*, 6 Beav. 507; Perry on Trusts, § 842; *In the Matter of Frazer*, 92 N. Y. 240; *In re European Bank*, L. R., 5 Ch. App. 358; *Pennell* v. *Deffell*, 4 De G., M. & G. [53 Eng. Ch.] 372.)

No difficulty arises from the blending, of the money of the estate, with that of another person in the same loan, for the units of which it is composed being of equal value it is clearly severable and distinguishable, and sufficient data are given to enable such severance to be made. The cases above cited show numerous instances in which such a separation has been decreed. Conceding for the present that the admissions of Mrs. Lambert were incompetent to establish the facts upon which a trust *in invitum* can be decreed, it is nevertheless true that her statement also operated as a valid declaration of trust. It is well settled that a trust in personal property may be created by parol, and that no particular form of words is necessary for its creation, but the words or acts relied on to effect that object, should be unequivocal, and plainly imply, that the party making them intended to divest himself of his interest in the property, and to hold it thereafter for the use and benefit of another. (Hill.

on Trusts, 130; *Martin* v. *Funk*, 75 N. Y. 140; *Young* v. *Young*, 80 id. 438; *Willis* v. *Smyth*, 91 id. 297.) This is all that is required to create a trust even as against the owner, and although he continues to retain possession of the property devoted to the trust. But when the legal title is in one party and the equitable ownership in another, it is only necessary for those facts to appear, in order to constitute the holder a trustee for the benefit of the other. (*Pye's Case*, 18 Vesey, 140.)

The evidence aside from the declarations in question tended strongly to establish these facts, and a strong presumption of an intended trust might fairly be implied from the nature and surroundings of the transaction.

By the will of Thomas Lambert, his wife, Maria Lambert, was given a life estate in all of his property, both real and personal, and his executors were directed to keep it invested during her life, and pay to her the income thereof as long as she should live. The duties of their office required the executors to seek for advantageous investments, and keep the moneys of the estate employed. It was entirely within their power, if it was not their duty, in case a profitable investment offered itself larger in amount, than the available assets of the estate, to supplement them with other funds, if they could be legitimately obtained from other parties. These moneys were received by Mrs. Lambert under such a contingency, and she was engaged in the lawful and legitimate performance of her duties as an executrix when she received and invested them.

There is nothing in the office or obligations of executors, that precludes them from acting as trustees, upon other trusts and for other beneficiaries if the transaction is not inconsistent with the duties which they owe as executors. Neither will that fact subject property, thus held by them in trust, to the hazard of a loss on account of their dual character, so long as such property can be separated and distinguished, from the funds held by them under their trust as executors.

The transaction between the plaintiff and Mrs. Lambert was, so far as here appears, a beneficial one for both of the funds intrusted to her, and in receiving the plaintiff's money she was

acting in the performance of her legitimate duty as an executrix. It was clearly the duty of Mrs. Lambert when she used the plaintiff's money in acquiring this mortgage, to have caused a recognition of the plaintiff's interest to appear in the instrument itself (*Price* v. *Blakemore, supra*), and it was evidently her intention to repair this omission, before her death by making such a declaration of trust, as would protect the interest of the plaintiff, and the question in this case is whether legal proof has been given, from which a court of equity will find the existence of the trust.

Co-executors, however numerous, constitute an entity, and are regarded in law as an individual person. Consequently the acts, of any one of them in respect to the administration of estates, are deemed to be the acts of all, for they have all a joint and entire authority over the whole property. (Williams on Executors, 810 ; *Wheeler* v. *Wheeler*, 9 Cow. 34.) Thus one of two executors may assign a note belonging to the estate of the testator (*Wheeler* v. *Wheeler, supra*), or make sales and transfers of any personal property of the estate. (*Bogert* v. *Hertell*, 4 Hill, 492.) He may release or pay a debt, assent to a legacy, surrender a term, or make an attornment without the consent, or sanction of the others. (Williams on Executors, 812 ; *Jackson* v. *Shaffer*, 11 Johns. 513 ; *Douglass* v. *Satterlee*, id. 16 ; *Murray* v. *Blatchford*, 1 Wend. 583.) It was said in *Wheeler* v. *Wheeler* (*supra*), "That if a man appoint several executors, they are esteemed in law as but one person representing the testator, and that acts done by any one of them which relate to the delivery, gift, sale or release of the testator's goods are deemed the acts of all." It would seem to follow from this principle, that they have the power of joint and several agents of one principal, and that any act done or performed by one within the scope and authority of his agency, is a valid exercise of power and binds his associates.

It is quite true, however, that neither executors nor administrators, whether acting separately or jointly, have authority to create an original liability on the part of the estate, or enter

into an executory contract binding upon, or enforceable against it. (*McLaren* v. *McMartin*, 36 N. Y. 88 ; *Ferrin* v. *Myrick*, 41 id. 315 ; *Austin* v. *Munro*, 47 id. 366.)

It would seem to follow as the result of the authorities, that the powers of executors, in the administration of estates confided to them, are commensurate with those expressly granted or necessarily implied, from the nature of the duties imposed upon them, and their power to bind their associates by their acts, is limited only by the nature of the transactions they are called upon to perform. Thus having no power to bind the estate by a new contract, or to revive a demand which has once expired, neither their contracts nor admissions can have the effect of creating one or reviving the other ; but having the original power to transfer the property of the estate for the purposes of their trust, any act, whether performed by one or all which has this effect, is within their authority, and binds the estate. It must be assumed, however, that such a transfer is made for a lawful purpose, and in form sufficient to operate as a transfer of property between individuals.

We are, therefore, of the opinion that the acknowledgments of Mrs. Lambert, constituted a good declaration of trust, and that the making thereof was an act done in the performance of her duty, as an executrix of the estate of Thomas Lambert, which operated upon, and was enforceable against it. It would hardly be contended under the circumstances of this case, that a declaration made by Mrs. Lambert at the time these moneys were received by her, as to the purpose for which they were received, would have been incompetent to prove her trust character, even as against her co-executor ; and it is difficult to see why a similar declaration made by her at a subsequent time would not be equally competent. Such a declaration could in no just sense be said to create any liability against the estate represented by her, or subject it to any action on account of the statement made, for such an action, could arise only by a wrongful refusal on the part of the executors, to recognize the plaintiff's equitable rights of property. The arrangement shown by such a declaration, instead of creating a liability against the

estate, would simply have the effect, of protecting the party advancing the money, from an unjust claim of ownership on the part of the executors, by reason of the form in which the securities for the loan were taken.

The establishment of this trust works no injury to the estate, for the evidence aside from the declaration shows quite conclusively that the plaintiffs moneys to the extent of the lien claimed, and to which the estate had no title, went to make up the value of the property now in the possession of the defendant.

Some objections were made by the appellant to remarks that fell from the plaintiff while giving her evidence, that tended to show personal communications and transactions between herself and Mrs. Lambert. The witness was admonished by the court, not to relate such transactions, and no ruling was made by the court, or exception taken by the appellant, on the subject of such evidence on the trial. After the close of the trial the appellant asked to have these expressions struck out. This motion was denied by the court, and we think correctly disposed of.

The expressions referred to were inadvertently used by the witness, were ruled as incompetent by the court, at the time they were made, and were not relied upon in deciding the case.

The conclusion arrived at on the main point of the case renders it unnecessary for us to consider the question as to the admissibility of the declarations of one executor against his associate when offered as evidence to prove the facts stated in such declarations.

The judgment should be affirmed.

All concur.

Judgment affirmed.