(33 Misc. Rep. 542.)

## In re STEIN'S ESTATE.

(Surrogate's Court, New York County. January, 1901.)

Co-Executor—Custody of Decedent's Books—Inspection—Application.

An application in the surrogate's court by one executor for an order directing his co-executor to permit him to inspect books and documents kept by decedent in his lifetime need not be commenced by citation, as directed by Code Civ. Proc. § 2516, in case of special proceedings, but the application is sufficient if based on a petition and an order to show cause made in compliance with section 2602, authorizing the surrogate's court, where two or more co-executors disagree respecting the custody of property of the estate, to order them to show cause why the surrogate should not give directions in the premises.

Application by one of the executors of the estate of Conrad Stein, deceased, for an order directing his co-executor to permit an inspection of books kept by decedent in his lifetime. Granted.

Zabriskie, Burrill & Murray, for petitioner.
Michael C. Gross, for respondent.

THOMAS, S. The application is by one executor for an order directing his co-executor to permit him at all reasonable times freely to inspect and take copies of all books, papers, and documents kept by or under the direction of the testator in his lifetime, containing

entries relating to his property, and for further relief. The proceeding is based on a petition and an order to show cause, no citation having been issued or served, and it is contended by the respondent that in a proceeding thus instituted this court is without jurisdiction to make the order asked for. A surrogate's court is not vested with the general jurisdiction of a court of equity. Its limited powers are based upon and defined by express provisions of law, and its jurisdiction must be exercised in the cases and in the manner prescribed by statute. In re Randall, 152 N. Y. 508, 46 N. E. 945; Code Civ. Proc. § 2472. Except in a case where it is otherwise specially prescribed by law, a special proceeding in a surrogate's court must be commenced by the service of a citation issued upon the presentation of a petition. Code Civ. Proc. § 2516. This rule of procedure must be followed in this case, notwithstanding the fact that jurisdiction to control executors is expressly conferred by subdivision 3 of section 2472, Id., unless express authority is found to exercise it in another way. Such express authority is found in section 2602, Id., which authorizes the surrogate, in a case where two or more co-executors or co-administrators disagree respecting the custody of property of the estate, to make an order requiring them to show cause why the surrogate should not give directions in the premises. The order to show cause complies in substance with this provision, and the parties are therefore regularly before the court, and subject to its jurisdiction already referred to. The latter provision in the same section to the effect that the direction may proceed so far as to require that the property of the estate shall be deposited in a safe place in the joint custody of all of the executors, or subject to their joint order, may define the limitations of the powers of the court, but does not preclude an order less severe, though looking to a similar result. In the present case the property is already in the office used by all of the executors for transacting the business of the estate, and a direction that they shall all of them have access to it for purposes of inspection is all that is asked for or is necessary. With respect to the substantial right to the relief sought, I entertain no doubt. The title of each executor to the books and papers of the deceased is equal. The testator has trusted them equally, and the responsibilities of each are co-extensive with those of the others. Neither of them can require the other to rest satisfied with his statement that no entries can be found in them of any particular character. Each is entitled to inspect them, and to know for himself just what they contain. The fact that a litigation is pending in the supreme court, in which these books are or may be material, is a sufficient reason for requiring a prompt exhibition of them. Each executor owes a duty to the parties interested in the estate to present to the supreme court every fact pertinent to the litigation pending before it, and neither of them can be permitted to exclude the other from access to property of the estate which would be helpful for this purpose. The fact that the supreme court has full jurisdiction to obtain a discovery of the books is not material. It is enough that this court has sufficient jurisdiction, and that its jurisdiction has been properly invoked. Application granted.

Application granted.