In the Matter of the Accounting of UNION TRUST COMPANY OF NEW YORK, as Trustee under the Will of CHARLES F. HOFFMAN, Deceased, Respondent.

ROSALIE A. AVERY et al., Appellants.

Trustees — investment of trust funds — when combination of several trust funds in single investment proper and permissible — when such investment is made the instrument securing it should show true owners thereof, and their respective interests therein — where beneficiaries of trust funds so invested have had full notice thereof they cannot object thereto upon an accounting by the trustee.

1. The advantages to be secured by combining trust funds to make a large and more satisfactory investment than can be made of the funds of one trust without combination are of sufficient

importance and value to the several trust funds to overcome any disadvantage that may arise from the fact that the several owners of the investment may thereafter differ in the matter of handling the same, and the practice is generally recognized as proper for a trustee.

2. When trust or other funds are combined for a single investment the instrument acknowledging and securing the investment or some contemporaneous instrument executed by those to be bound thereby should show the true owners thereof and the interests therein of the several persons or trusts whose funds have been combined in making the investments.

3. Declarations of trust when full, complete and open to inspection in a public office or where they are full and complete and in the possession of the parties interested in the investments, so that the rights of the several persons or trusts therein can be fully established thereby, are sufficient to answer all objections made upon an accounting to the form of the investments theretofore made of the trust funds.

4. Defendant invested trust funds of appellants in a bond and mortgage in which other trust funds were also invested, the mortgage having been taken in the name of the trust company. The surrogate found on the accounting had by defendant that notices of such investment had been given to appellants. *Held*, that the decree overruling the objections of appellants should be affirmed upon the ground that declarations of the trusts were actually made and delivered to the beneficiaries and not in approval of the investments made in the individual name of the trustee.

*Matter of Union Trust Co.*, 170 App. Div. 953, affirmed.

(Argued November 22, 1916; decided December 28, 1916.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered October 1, 1915, which affirmed a decree of the Kings County Surrogate's Court overruling the objections of the contestants to the account of the Union Trust Company of New York, as trustee of the several trusts created in and by the last will of Charles F. Hoffman, deceased.

The facts, so far as material, are stated in the opinion.

*D-Cady Herrick* and *Charles W. Dayton* for appellants. It is fundamental law governing the action of

trustees that a trust fund shall not be invested in connection, or admixed, with any other fund. (*Doud* v. *Holmes*, 63 N. Y. 635; *Matter of Stafford*, 11 Barb. 353; *Otto* v. *Van Riper*, 31 App. Div. 278; *McAllister* v. *Commowealth*, 30 Penn. St. 636; *White* v. *Sherman*, 168 Ill. 589; *Gilbert* v. *Welsch*, 75 Ind. 557; *Case* v. *Abeel*, 1 Paige, 393; *De Jarnette* v. *De Jarnette*, 41 Ala. 708; *Matter of Hodge*, 66 Vt. 70; *Chesterman* v. *Eyland*, 81 N. Y. 398; *Barry* v. *Lambert*, 98 N. Y. 300; *Elkin* v. *Elkin*, 29 Misc. Rep. 513; *Matter of Menzie*, 54 Misc. Rep. 188.)

*Perry D. Trafford* and *James Gore King* for respondent. The joining of trust funds of several estates in one investment was long ago expressly approved by the courts of this state. (*Chesterman* v. *Eyland*, 81 N. Y. 398; *Barry* v. *Lambert*, 98 N. Y. 300; *Matter of Menzie*, 54 Misc. Rep. 188.) The criticisms which are made of these investments follow from the failure to take into consideration the fact that the obligation of the trustee is twofold. He should not only keep the fund reasonably safe but he should try to obtain a fair rate of income for the life beneficiaries. (*King* v. *Talbot*, 40 N. Y. 76; *Kinmouth* v. *Brigham*, 5 Allen, 270; Perry on Trusts, § 452.) There is no danger to the investment because of the fact that the mortgage itself stands in the name of the person who acts as trustee for several trusts, provided the ownership of the several shares can be positively and readily ascertained. As a practical matter, such an arrangement is necessary. (*Bischoff* v. *Yorkville Bank*, 218 N. Y. 106; *McAllister* v. *Comm.*, 30 Penn. St. 536.)

CHASE, J. The last will of Charles F. Hoffman created several trusts and named the respondent, the Union Trust Company of New York, the trustee thereof. The appellants have a reversionary interest in the principal of said trusts and they have filed objections to the form and

manner in which certain of the trust investments have been made.

The trust investments to which objections are made by the appellants herein are investments previously made upon bonds and mortgages taken in the name of the trust company. It has been the practice of the trust company to use the money of several trusts held by it as trustee, whether created by one or several instruments, to loan on bonds and mortgages given as security for such loans. It has also been its practice to take such bonds and mortgages in its name and in its own right. The amount of the investment so taken by it in its own right is then distributed among the various trusts by charging against such trusts on the books of the trust company the amount of money which it then determines or has determined as a part of the transaction in making the loan to use from each of the several trusts so combined in making the loan. Such shares and also parts of such shares are frequently and from time to time transferred from one trust to another by entries upon the books of the trust company. In the account filed herein the trust company credited itself with certain investments on bonds and mortgages which stand in its name and are held by it either entirely for one trust, or in shares for several trusts. The following item from the account illustrates the form of the investments to which objections are made.

" One share in $30,000 bond and mortgage, Max Teichler to Union Trust Company of New York on 159 Rivington street, New York City, dated June 16, 1911, and maturing July 1, 1916, at 5%, interest due January and July 1st. $10,000."

The decree in this case was made as appears from the opinion of the surrogate (much of which we commend), not because the Surrogate's Court approved the form in which the investments were taken, but because of findings of fact made by the surrogate, and particularly the following:

" 17. That the 'Book of Declarations of Mortgages' is kept in said Transfer Department and locked in a safe at night.  It contains a record of all declarations which have been made on account of any given mortgage and the full title with the registration of the declaration of ownership of parts of mortgages held by said Trust Company for sundry trusts.

" 18. That immediately after said declarations are completed, signed and entered, records are made in a memorandum book labeled 'Schedule of Mortgages in Trust,' which is kept in the trust department in the said Trust Company and which contains a record of all mortgages held by said Trust Company for several trusts and gives a description of each mortgage and shows the several trusts for which it is held.  *  *  *.

" 25. That the life beneficiaries of each trust are always notified by letter by said trustee of investments and of changes in investments at the time they are made, being given full statements thereof, which show any difference in the principal or income, and on whose accounts moneys are paid or collected.  Principal accounts recapitulating all the mortgages are sent to the life beneficiaries at regular intervals dependent upon any important changes which are made, and to the remaindermen if they wish them.

" 26. That from the notices of investments and changes of investments which are always sent by said trustee to the life beneficiaries of said trusts the ownership of any mortgage or share in mortgage held for such trusts can be established."

Declarations of trust when full, complete and open to inspection in a public office or where they are full and complete and in the possession of the parties interested in the investments so that the rights of the several persons or trusts therein can be fully established thereby are sufficient to answer all objections made upon an accounting to the form of the investments theretofore made of

the trust funds. The decree upon an accounting in such a case rests upon the fact that declarations of trusts have been actually made and delivered and not in approval of the original or other investments made in the individual name of the trustee.

The advantages that are frequently to be secured by combining trust funds to make a large and more satisfactory investment than can be made of the funds of one trust without combination are of sufficient importance and value to the several trust funds to overcome any disadvantage that may arise from the fact that the several owners of the investment may thereafter differ in the matter of handling the same. Trust funds have been from time to time combined for investment with satisfactory results and the practice is generally recognized as proper for a trustee. (11 Ruling Case Law, 143; *Barry* v. *Lambert*, 98 N. Y. 300.)

When trust or other funds are combined for a single investment the instrument acknowledging and securing the investment or some contemporaneous instrument executed by those to be bound thereby should show the true owners thereof and the interests therein of the several persons or trusts whose funds have been combined in making the investments. (*Barry* v. *Lambert, supra.*)

The trust company in this case has wholly for its own convenience invested different trust funds in bonds and mortgages in its name and in its own right without always executing and delivering a contemporaneous trust instrument. The interest from time to time of the several persons or trusts in the investments has been made to appear from and be established by its books of account and the records and papers on file with itself, a private corporation, and upon informal notices subsequently given to those interested therein. The manner of keeping the trust funds is more fully shown by a typical page from the record in connection with the statement in the account as quoted above. The Max Teichler mortgage was given

June 16, 1911. The page relating to the Max Teichler mortgage mentioned is as follows:

"Registration of declarations of ownership of parts of mortgages held by Union Trust Company of New York for sundry accounts:

| Date | Mortgage | Amount | Property | No. of Trust | Apportion. |
|---|---|---|---|---|---|
| June 20, 1912 | X12 | $30,000 | Max Teichler 159 Rivington St. | 1223 | $10,000 |
| "    "    " | | | .......................... | 1224 | 10,000 |
| "    "    " | | | .......................... | 1227 | 7,500 |
| June 25, 1912 | | | | | |
| "    "    " | | | | | |
| "  27, 1913 | | | .......................... | 1100 | 1,500 |
| "    "    " | | | .......................... | 1289 | 1,000 |
| | | | | | $30,000 |

(Opposite the second and third items in the last column above is the following):

| "Date | | | Transferred or terminated |
|---|---|---|---|
| June 25, 1912: | | | |
| :: | To No. 1227 | | $7,500 |
| : | "  1289 | | 2,500 |
| June 27, 1913. | : | | |
| | ::To "  1100 | | 1,500 |
| : | " 1289 | | 1,000" |

The typical "statement of investments" made to Miss Margaret Hoffman is dated June 21, 1911. The dates included in the "Registration of declarations of ownership," quoted above, are each subsequent to the giving of the mortgage, and the date of the informal statement to Miss Hoffman is subsequent to the date of each of the mortgages mentioned in such statement.

It has been quite universally held that a trustee should not invest trust funds in his own name. Such rule of

law should not be abandoned, qualified or in any way impaired. If an individual trustee should continuously and intentionally invest trust funds in his individual name, his conduct in so doing would meet with condemnation by the courts. There is no difference between a corporate trustee and an individual trustee in its or his duty in respect to investments. Trust funds should not only be kept independent of individual and other trust funds, but the investments thereof should, so far as possible, be clearly defined, and at all times stamped with the individual trust to which they severally belong. It is suggested that corporate or municipal bonds in which a trustee is authorized to invest trust funds may be payable to bearer, and, consequently, lack any stamp of ownership by the trust. While this is so of securities payable to bearer, the lack of any stamp of ownership on such securities arises from the peculiarity of the investment, and it does not affect the rule in regard to investments that can properly be made distinctive and bear upon their face evidence of their ownership.

The effect of investing trust securities in the name of a trust company and in its own right is the same as if the trust company took the trust fund as a deposit, leaving its investment and the account relating thereto wholly to its bookkeeping and the form adopted by it for keeping its accounts. Such holding of a trust fund does not outwardly distinguish the funds held by it as trustee from the funds of individual depositors with the trust company. Such manner of investing a trust fund violates the long-established rule that a trustee should invest trust funds in the name of the trustee as such, and also the rule that trust funds should at all times be kept, so far as reasonably possible, in the name of the trust, so that they can be identified, distinguished and followed by all persons interested therein.

Although trust funds do not lose their character as such when invested by a trustee in his own name, yet

when they are so invested their character as such not infrequently has to be established by a suit at law.

It would not have been necessary to commence the action of *Barry* v. *Lambert* (*supra*) had the mortgage under consideration in that case shown the true ownership of the moneys loaned. The plaintiff was compelled to maintain the action to identify and establish her interest in the mortgage.

The identity of investment of trust funds should not, when otherways reasonably possible, be wholly dependent upon the continuance of rules relating thereto by corporate trustees or the accuracy and honesty of bookkeepers and employees.

It appears that the trust company when foreclosing a mortgage so held by it does so in its own right, treating it at least as property the legal title to which is absolutely and unqualifiedly in it.

The order of the Appellate Division affects only transactions which have been reported to the beneficiaries, and for that reason should be affirmed, with costs to respondent payable out of the estate.

Willard Bartlett, Ch. J. (concurring in part). I concur with everything said in the opinion of our brother Chase, except his conclusion that the order under review should be affirmed. If his .views are correct — and I think they are — the parties objecting to the account are entitled to have those views carried into effect. This can only be done by a modification of the order appealed from. I, therefore, vote to modify the order so as to require the respondent to alter the form of the investments of the trust fund so as to conform to the practice approved in the opinion of Chase, J., and as thus modified, to affirm.

Collin, Cuddeback, Hogan, Cardozo and Pound, JJ., concur with Chase, J.; Willard Bartlett, Ch. J., concurs in part in memorandum.

Order affirmed.