In the Matter of the Accounting of Hanover Bank, as Trustee under a Trust Agreement Created by Walter S. Schlussel, as Settlor. Hanover Bank, Appellant; Walter S. Schlussel et al., Respondents.

First Department, May 11, 1954.

*Francis S. Bensel* of counsel (*J. Culbert Palmer* and *Albert B. Maginnes* with him on the brief; *Barr, Robbins* and *Palmer,* attorneys), for appellant.

*Claude L. Gonnet* of counsel (*Arthur Frank* with him on the brief; *Frank & Gonnet,* attorneys), for Walter S. Schlussel and another, respondents.

*P. Hodges Combier* of counsel (*Wendell P. Brown* with him on the brief; *Nathaniel L. Goldstein, Attorney-General,* attorney), in his statutory capacity under section 12 of Personal Property Law and section 113 of Real Property Law, respondent.

*Per Curiam.* This case, like that of *Matter of Coulter* (204 Misc. 473, affd. 283 App. Div. 691) and *Matter of Hogan* (204 Misc. 662, affd. 283 App. Div. 790), involves the question whether the temporary advance of funds by a trust company to promote the distribution and allocation of mortgage participations among a number of trusts in its charge constitutes self-dealing. *Matter of Union Trust Co. (Hoffman Estate)* (219 N. Y. 514) held, among other things, that it was not improper for a trust company to effect the participation in a mortgage by a number of trusts in its charge. Subdivision 7 of section 188 of the Banking Law, in effect from 1917 to 1936, recognized and authorized that practice, but went further and permitted such participation in mortgages held by the trust company in its own right, provided, however, that prompt notice was given to income beneficiaries of such investment and self-dealing (*Matter of Ryan,* 291 N. Y. 376, 397, *et seq.*). Where, however, funds of the trust company are advanced temporarily and solely for the purpose of facilitating trust participations without persisting investment of the trustee's funds in the mortgage, there is not such a form of self-dealing as to require particular mention thereof in the notice to the beneficiaries. That is the effect of our affirmances in *Matter of Coulter* and *Matter of Hogan* (*supra*) and the notice is sufficient if it describes the investment as in a mortgage participation, and states that the payee of the cost price is the trust

company, if such is the fact. The notices in *Matter of Coulter,* to the extent applicable, and in *Matter of Hogan,* and in this case, provided this information.

While there was an issue of fact in this case whether notices were given in all instances, since all the information that was required to be given by the notices was presented or available to the beneficiaries when they effected an accounting and release with the trustee in 1941, that release and extrajudicial accounting is a bar to the objections raised in this proceeding.

We cannot pass on this case without commenting that the practices of the trust company as compared with those followed in *Matter of Coulter* and *Matter of Hogan,* with respect to record-keeping and notices, could properly have been more detailed; but nevertheless the result here indicated is required by the applicable precedents.

In the circumstances the final order in disallowing petitioner attorneys' fees payable out of the principal of the trust should not be disturbed; the fee of the Referee and the stenographic charges, as well as other allowances complained of, are accounting expenses properly payable out of principal. Otherwise the order insofar as appealed from should be reversed, and the objections dismissed, without costs. Settle order.

PECK, P J., COHN, BREITEL, BOTEIN and BERGAN, JJ., concur.

Order, so far as appealed from, unanimously reversed in accordance with the opinion herein and the objections dismissed, without costs. Settle order on notice. [See *post,* p. 876.]