William T. Collins, S.
In this proceeding for the settlement of the account of the trustee the parties have stipulated the facts underlying the objections addressed by the special guardian to an investment in a participating interest in a mortgage. The premises covered by the mortgage in which the participation represented an interest were located at 604 Park Avenue in the city of New York. Originally the entire mortgage was assigned by the accounting corporate trustee from its own account to the building fund of the Cathedral of St. John the Divine. On November 14, 1927 the entire mortgage was transferred from that account to an account maintained by New York University. On January 20, 1928 the mortgage was “ cashed ” by petitioner, the account of New York University was credited with interest, and the mortgage was placed in the petitioner’s bond and mortgage surplus and undivided profits investment account. Some two months after that date shares in the mortgage were allocated to six testamentary trusts including the two here accounted for.
It is the contention of the special guardian for infants interested in the estate that the transactions just described constituted self-dealing within the meaning of the rule prohibiting such practices and that the failure of the trustee to give the notice prescribed in subdivision 7 of former section 188 of the Banking Law (now § 100-b) requires that the court surcharge the accountant in an amount equal to the loss sustained on the investment.
It is conceded that the notice given to the income beneficiaries at the time the participation was assigned to this trust was inadequate under the statutory standards. If it were now to be found that the assignment constituted self-dealing then the defect in notice would automatically require the court to charge the sustained loss to the trustee. On the record the transaction described does not come within the category of prohibited practices (Matter of Schlussel, 284 App. Div. 68; Matter of Hogan, 204 Misc. 662, affd. 283 App. Div. 790). It is quite clear that the mortgage was not acquired by the corporate trustee for its own account. The fact that it remained in the bond and mortgage surplus account for a period of less than two months before being assigned in shares to the various trusts, brings the case, *172 within, the ambit of the decision in Matter of Hogan (supra, p. 665) where this court said: “ Only by completely ignoring reality could we say that any of these purchases were made for the trust company’s own account. The only fair view of the transactions is that the trust company was engaged in combining trust funds for investment and acquired the mortgages only for the purpose of distributing them among the trusts, estates and funds.”
For the reasons stated the objections of the special guardian are overruled.
Submit decree on notice settling the account.