Piebsoh B. Hildbeth, S.
Decedent’s surviving spouse applies for an order to enlarge the time allowed under section 18 of the Decedent Estate Law to file her notice of election, or in the alternative to dispense with any necessity of serving such notice personally on two of the three executors. Letters testamentary were issued to three executors on March 24, 1960. Notice of this application has been given to each of them by citation as directed by order.
Before the six months’ period allowed by statute for filing such notice of election expired such notice was personally served on one executor and was duly filed and recorded in the Surrogate’s Court with proof of such service. As to the other two executors, petitioner states that one is a nonresident, and the other, although a resident, has been frequently out of State so that service on neither has been possible within six months of issuance of letters.
Petitioner alleges that service on one of the three executors constitutes compliance with the statute. The executors do not expressly deny this, nor do they contend that any of the three executors lack knowledge of the notice of election given by the spouse. The same attorneys who represented the executors in *451 the probate proceedings appear for all of them on this application, and a copy of the notice of election was mailed to them. On the other hand, the estate representatives have not and evidently do not wish to expressly admit the validity of service of the notice. The result is that petitioner faces the possibility that an issue as to validity of service may arise at a future date when the statutory time allowed to seek relief from any default will have expired, and consequently the possibility of not Being permitted to obtain a determination of her rights as the spouse on the merits. Hence, if there be any default, petitioner seeks permission to cure it now. This application is made after 6 months but before 12 months from date letters issued. There has been no decree settling accounts.
Subdivision 7 of section 18 of the Decedent Estate Law provides that the election of a surviving spouse “ must be made within six months from the date of the issuance of letters testamentary * * * and shall be made by serving written notice of such election upon the representative of the estate personally or in such other manner as the surrogate may direct and by filing and recording a copy of such notice with proof of service in the surrogate’s court where such will was probated. The time to make such election may be enlarged before its expiration by an order of the surrogate’s court where such will was probated, for a further period of not exceeding six months upon any one application. If a spouse shall default in filing such election within six months after the date of issuance of such letters, such surrogate’s court may relieve the spouse from such default and authorize the making of such election within a period to be fixed by order, provided no decree settling the account of the fiduciary has been made and provided further that twelve months have not elapsed since the issuance of letters. * * * The limitations in this section regulating the time within which an election must be made are exclusive.”
Considered solely as a request to enlarge the time to make the election, this application was not made within six months from date of issuance of letters. However, under the circumstances, and under the prayer for alternative and other relief the court regards this as a proper request for relief from default, if any.
Whether there has been any default depends on whether the requirement to serve written notice “ upon the representative of the estate personally” means that each of several representatives must be served when there are more than one, or whether service on one is sufficient.
The court is of the opinion, but does not now determine on this application, that for purposes of this statute coexecutors *452 constitute an entity to be regarded as one person (see Barry v. Lambert, 98 N. Y. 300, 308) and that service on one executor personally is valid service “upon the representative of the estate,” and constitutes substantial compliance with the statute.
On this application, petitioner is relieved from any default in making an election under section 18 of the Decedent Estate Law, and is authorized to make such election anew, the same to be made by serving written notice thereof upon each of the executors by mailing such notice to each of them at their respective addresses set forth in the petition for the probate of decedent’s will on or before March 23,1961, and by filing and recording such notice with proof of service in the Surrogate’s Court, on or before such date.