John J. Curran, S.
The special guardian for Eve Elizabeth Dickinson and Prudence Jane Dickinson has moved for an examination of the accounting sole surviving executor of, and sole surviving trustee under, the last will and testament of Robert T. Van Deusen, deceased.
An order was made in this proceeding on April 1,1960, directing that the petitioner submit to an examination. Thereafter the parties, including the special guardian, entered into a stipulation pursuant to which the petitioner was to furnish certain information in writing in lieu of an examination. The information related to transactions occurring in periods covered by-prior, judicially settled accounts which the objectants claimed may have constituted wrongful self-dealing on the part of the petitioner.
The information furnished by the petitioner appears to have been literally responsive to the stipulation, but the objectants, including the special guardian, maintain that this information still does not permit an adequate determination of the question of self-dealing.
The information sought relates to certain investments made by the accounting trustee over a period of approximately 20 years. These investments were in mortgages and mortgage participations which were purchased by the trustee from other trusts of which it was the fiduciary or from a so-called ‘ ‘ T-l ’ ’ account which it maintained as a device for the acquisition of mortgages for allocation in participations among trusts for which it was trustee. The information provided in response to the stipulation indicated the sources from which the petitioner acquired for the Van Deusen trusts the mortgages and mortgage participations in question, showing which were acquired from other trusts of which the petitioner was trustee and which were acquired from the 1 ‘ T-l ’ ’ account.
The special guardian urges that the information furnished pursuant to the stipulation evokes further questions as to which answers should be provided by the petitioner. The special guardian contends that as to these investments which the petitioner made by dealing with itself, it should be required now to show that it acted in good faith when it paid out funds of these trusts to make these investments; that it should show it had reason to believe it obtained full value for every dollar paid out in this way.
The petitioner replies that questions of mismanagement, negligence and of value are foreclosed by the decision of this court which rejected all such objections to the accounts for *175 periods prior to this accounting, except as to self-dealing. The petitioner further contends that this method of acquiring mortgages and allocating participations to trusts or the transfer of such participations from one trust to another does not constitute wrongful self-dealing, citing Matter of Union Trust Co. (219 N. Y. 514).
It is undoubtedly true that these transactions do not inherently constitute wrongful self-dealing. It is equally clear that this type of transaction should be closely scrutinized to insure that no harm befell the beneficiaries of the trust.
Only on the filing of the pending account and upon the subsequent disclosures by petitioner did it appear that during the periods covered by the prior accounts there may have been self-dealing on the part of the trustee. Whether these transactions were at their inception harmful to the interests of the beneficiaries is a matter which should be resolved now.
It is not mere questions of value that concern the special guardian. The issue is raised as to whether in those acquisitions made for the Van Deusen trusts from other trusts of which the petitioner was trustee or from the “ T-l ” account, the petitioner may have been shifting to the Van Deusen trusts the burden of a loss which it had already sustained in these investments. If the trustee sought to conceal a loss by shifting this burden to the Van Deusen trusts, this would be illicit self-dealing for which the petitioner would be liable. It is therefore relevant to determine whether the trustee acted in good faith in acquiring for the Van Deusen trusts these mortgages and mortgage participations from itself. It is appropriate to ascertain what evidence the petitioner had as to the value of these investments at the time they were made or whether reasonable efforts were made by it to determine this value.
The special guardian should not be foreclosed by the aforementioned stipulation from obtaining the information which he seeks with respect to these investments. (See Matter of Eitingon, 192 Misc. 836, affd. 273 App. Div. 998.) The wards of the special guardian have rights which cannot be stipulated away.
The court holds that the petitioner shall submit to an examination to determine, with respect to the investments in question, what evidence it may have had as to the value of these investments at the time they were made or what steps were taken by the petitioner to ascertain this value.