Edward S. Silver, S.
In this proceeding one of the executors and trustees seeks an order, pursuant to section 228 of the Surrogate’s Court Act, directing his coexecutor and cotrustee, Charles Schaefer, to place all of the money and other property of the estate in a safe place in the joint custody of all of the executors and trustees herein, subject to their joint order, and to place all of the books and records of this estate in their joint custody and to make the same available to his coexecutors and cotrustees.
The decedent died, over 25 years ago, on April 21, 1940, leaving an estate of approximately $300,000. On October 16, 1940 letters testamentary and of trusteeship were issued to the petitioner, the respondent, and another. On November 1, 1957, the executors and trustees filed their account for the period ending December 31,1956, but the same was not judicially settled. The petitioner, who is also the attorney for the estate, is desirous of settling his final account and alleges that he is unable to do so as the respondent is not co-operative, and that many repeated requests have been made upon him to permit the petitioner access to and examination of the books, records and other documents in the respondent’s possession relating to the affairs and assets of the estate and his administration of them to no avail. The respondent has not appeared herein.
The primary duties of an estate representative are to settle the estate and distribute the assets (3 Warren’s Heaton, Surrogates’ Courts, § 218). Title of each executor to the books and papers of the deceased is equal. Each is entitled to inspect them and to know for himself just what they contain (Matter of Stein, 33 Misc. 542) and each has an equal right to custody of the books and papers of a decedent (Matter of Shearn, 157 N. Y. S. 2d 495; Matter of Eisner, 6 App. Div. 563). In Barry v. Lambert (98 N. Y. 300, 308) the court stated: “ Co-executors, however numerous, constitute an entity, and are regarded in law as an individual person. Consequently the acts of any one of them in respect to the administration of estates, are deemed to be the acts of all, for they have all a joint and entire authority over the whole property.” (Emphasis supplied.)
In order to enable the petitioner to properly render and settle his account as executor and trustee and otherwise execute his duties, it is imperative that he have access to all books and records of the testator as well as all books and records kept by the respondent in his representative capacities relating to the estate assets and his administration of them. Accordingly the respondent fiduciary, Charles Schaefer, is directed to deliver all such books and records to the Clerk of the court to permit free access thereto at all times by all three cofiduciaries. The *176 respondent is also directed to co-operate in all respects with the petitioner to the end that the final accounts of the fiduciaries may be rendered and judicially settled and distribution of the estate assets be made with due dispatch.