In the Matter of the Estate of ROBERT T. VAN DEUSEN, Deceased. MANUFACTURERS HANOVER TRUST COMPANY, as Sole Surviving Executor and Trustee of ROBERT T. VAN DEUSEN, Deceased, Respondent. LOUISE VAN DEUSEN, as Executrix of ROBERT W. VAN DEUSEN, Deceased, et al., Appellants.

Third Department, June 30, 1971.

*F. Walter Bliss* (*George A. Dickinson* of counsel), for Louise Van Deusen, appellant.

*Gasser & Hayes* (*George A. Dickinson* of counsel), for Harriett H. Church and another, appellants.

*Earl Schram, Jr.,* special guardian for Eve E. Crist and another, infants, appellant.

*Kelley, Drye, Warren, Clark, Carr & Ellis* (*Robert Ehrenbard* and *Francis S. Bensel* of counsel), for respondent.

Cooke, J. This is an appeal from a decree of the Surrogate's Court of Columbia County, entered December 31, 1968, which dismissed claims and objections, interposed by life beneficiaries, a remainderman and a special guardian on behalf of two infant contingent remaindermen, to the accounts of petitioner as sole surviving executor and trustee under the last will and testament of Robert T. Van Deusen, deceased.

Robert T. Van Deusen died a resident of Kinderhook, New York, in 1919 and by his last will and testament, and two codicils thereto, admitted to probate by the Surrogate's Court of Columbia County in 1920, certain trusts were established with petitioner's corporate predecessor and two individuals named as executors and trustees. Previously, there have been four intermediate accountings by petitioner as executor and three as trustee, in connection with which no objections were filed.

The objections relate to 35 participations in 29 different mortgages, made between 1922 and 1931, which resulted in losses to the trusts. It is contended: that these investments were self-dealing transactions; that petitioner, as trustee, did not give adequate and timely notice thereof to the beneficiaries and did not comply with subdivision 7 of former section 188 of the Banking Law (L. 1917, ch. 385); and that losses were incurred as a result of negligence in regard to foreclosure sales and the abandonment of judgments by the trustee.

Petitioner purchased mortgages, with its own funds and in its own name, and placed them in an account designated '' T-1 '', each of these trusts for which it was the fiduciary having its own '' T '' number. As funds in these '' T '' accounts became available for investment in mortgage participations, petitioner, as trustee, purchased participations for these trusts from the '' T-1 '' account. At times, participations also were repurchased from the trusts, placed back in the '' T-1 '' account and sold to other trusts when they had funds available and, if the situation warranted, participations were sold directly from one trust to another. When petitioner had funds invested in '' T-1 '', its pro rata income was credited to itself. While objectants contend that the trustee, when it allocated mortgage participations to the different trusts, was engaging in self-dealing and that its failure to comply with the Banking Law renders it liable for losses sustained, petitioner urges that its sole purpose in establishing the '' T-1 '' account was to benefit the beneficiaries by use of this '' conduit '' procedure.

A trustee is held to something stricter than the morals of the market place (*Meinhard* v. *Salmon,* 249 N. Y. 458, 464) and the rigid rules which bind him operate '' as a protection to a large class of persons whose estates, by reason of infancy, infirmity, or other causes, are intrusted to the management of others '' (*Ten Eyck* v. *Craig,* 62 N. Y. 406, 419–420). Neither intention nor gained advantage is the criterion; the question is, rather, whether such a fiduciary has '' *placed itself* in a position where its interest was or *might be* in conflict with its duty '' (*Matter of Ryan,* 291 N. Y. 376, 385–386, 406, 407). Courts disfavor the investment of trust funds where the interests of the trustees as individuals conflict with their interests as fiduciaries (cf. *Matter of Hubbell,* 302 N. Y. 246, 255; *Matter of Shehan,* 285 App. Div. 785, 791) and a trustee may not sell his own property to a trust or mingle his own funds with those of a trust (*Matter of Ryan, supra,* p. 394).

The decision in *Matter of Union Trust Co.* (*Hoffman*) (219 N. Y. 514), however, decided in 1916, permitted a corporate trustee to distribute a mortgage in its entirety among several trusts for which it had been purchased, where there had been prompt notification of the distribution to the beneficiaries (*Matter of Ryan,* 291 N. Y. 376, 399, *supra*) and a certain amount of latitude was extended statutorily to a trustee under subdivision 7 of former section 188 of the Banking Law, in effect from 1917 to 1936 (L. 1917, ch. 385, as amd. by L. 1936, ch. 898; cf. *Matter of Durston,* 297 N. Y. 64, 70–71), as well as the present section 100-b thereof, from which it was derived. Thus, it had been held that the advance of funds of a trust company temporarily and solely to promote the distribution and allocation of mortgage participations among a number of trusts in its charge is not prohibited as self-dealing (*Matter of Schlussel,* 284 App. Div. 68, mod. on other grounds 284 App. Div. 876; *Matter of Haig,* 3 Misc 2d 170; *Matter of Dalsimer,* 160 Misc. 906, 909, affd. 251 App. Div. 385, affd. 277 N. Y. 717).

Such a method of acquiring investments is for the benefit of trust beneficiaries, since it facilitates the trustee's ability to acquire participations in which the individual trusts can invest and removes the necessity of the trustee having to accumulate trust funds, which in the meantime are not invested until enough are ready to permit the investment — if an investment is then available in the amount accumulated (cf. *Matter of Hogan,* 204 Misc. 662, 665, affd. 283 App. Div. 790; *Matter of Coulter,* 121 N.Y.S. 2d 531, 536, affd. 283 App. Div. 691). If the investments are made within a short period so that the trustee's commitment of funds is only temporary, it is " a *trust investment for several trusts* " and " not a matter of selling, to a trust, apportionments of or shares in mortgages placed as a matter of business — the business of loaning money on mortgages " (*Matter of Ryan,* 291 N. Y. 376, 396, *supra; Matter of Coulter, supra*).

After finding that " a review of all of the ledger sheets in evidence and the numerous transactions contained therein, shows a pattern of reasonably prompt allocation of the mortgages from the ' T-1 ' account to the various trusts and estates within the bank ", the Acting Surrogate concluded " that the disputed mortgages were held in the ' T-1 ' account only for the purpose of distributing them among the trusts and estates within the bank and that the trustee was not engaged in self-dealing transactions upon the allocation of participations in such mortgages to the Van Deusen trusts ", said conclusion being supported in the record. There are also bases for determining that prompt

and adequate notice of each investment in a mortgage participation was given to the appropriate beneficiaries (cf. *Matter of Schlussel, supra*; *Matter of Hogan, supra*) and that there was insufficient evidence to sustain the objections of negligence in connection with the foreclosure sales and abandonment of judgments (cf. *Matter of Baker*, 249 App. Div. 265, 269; 3 Harris, Estates Practice Guide [3d ed.], p. 173). (See SCPA 2701; 7 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 5501.20, 5522.04; 5 Warren's Heaton Surrogates' Courts [6th ed.], §§ 451, 452.) The decree should be affirmed.

REYNOLDS, J. P., STALEY, JR., GREENBLOTT and SIMONS, JJ., concur.

Decree affirmed, without costs.