(120 App. Div. 154)

In re RYER.

(Supreme Court, Appellate Division, First Department. June 7, 1907.)

INTEREST—JUDGMENT—STATUTORY PROVISIONS—FUTILE APPEAL.

    Where a decree of the Surrogate's Court directed an executor to pay over to the testamentary trustees a certain sum of money, and the executor took a futile appeal therefrom, he is liable, under the express provisions of Code Civ. Proc. § 1211, for interest on the decree from the time of its entry, though the decree was modified on appeal by directing the trustees to assign to the executors all their rights in the bonds and mortgages belonging to the estate.

Appeal from Surrogate's Court, New York County.

Proceedings in the matter of the judicial settlement of the account of John B. Ryer, as executor of the last will and testament of Ellen A. Wilkinson, deceased. From an order adjudging the executor guilty of contempt of court, he appeals. Affirmed.

Argued before PATTERSON, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and LAMBERT, JJ.

Alfred Hayes, Jr., for appellant.
James M. Fisk, for respondents.

LAMBERT, J. John B. Ryer, the appellant, was the executor appointed by the will of Ellen A. Wilkinson, deceased. The will likewise named G. De Witt Clocke and Roland B. Archer as testamentary trustees. The executor, in the discharge of his duties, collected moneys aggregating about $29,000, and this sum he reinvested in certain bonds and mortgages, believing that he had the right to make such reinvestments. Upon the final accounting the decree of the Surrogate's Court directed that the executor pay over to the testamentary trustees the sum of $27,435.67; such trustees having refused to accept the bonds and mortgages taken in the name of the executor in lieu of cash. This decree bore date of August 14, 1903. The executor appealed to this court, and the decree was affirmed, with a modification

requiring the testamentary trustees to assign to the executor all of their rights in the said bonds and mortgages, upon the theory that it might be a hardship for the executor to raise the money unless he could have the title to the securities. The executor appealed from the decree as modified, and the Court of Appeals affirmed the decision of this court. The decree of the Surrogate's Court was modified on the 8th day of July, 1904, and the order here under consideration adjudges the appellant guilty of contempt for failing to pay interest upon the sum adjudged to be due by the decree of August 14, 1903, from that date to the 8th day of July, 1904.

The appellant contends that, as the decree was modified, he was not called upon to pay interest during the time the appeal remained undecided. There is clearly no merit in this position. The modification of the decree of July 8, 1904, did not change the direction of the Surrogate's Court to pay over the sum of $27,435.67. That part of the decree was affirmed. Interest accrued upon the decree from its entry. Section 1211, Code Civ. Proc. We have there a judgment of a court of competent jurisdiction directing the payment of a certain sum of money within a given period, and in lieu of compliance the appellant takes a futile appeal. The order adjudging him in contempt of court for disobeying the directions of the decree of the Surrogate's Court entered August 14, 1903, was right, and should not be disturbed. For not making the payment within 10 days after the entry of the decree, the appellant was fined an amount equal to the unpaid interest on the principal debt. This merely indemnified the estate of which he was the representative, and was both just and authorized under the circumstances.

The order should be affirmed, with $10 costs and disbursements. All concur.