1. TRUSTS—TESTAMENTARY TRUSTS—INVESTMENT OF TRUST FUNDS.
   > Where testator creates a trust by his will and gives directions as to the securities in which the fund is to be invested, it is not in the power of the trustees to disregard such directions; but a decree settling their accounts is a protection as to unauthorized investments shown in the account and settled without objection.

2. SAME—UNAUTHORIZED INVESTMENTS.
   > A decree settling the accounts of trustees, though a protection to them as to unauthorized investments shown in the accounts settled and not objected to, does not establish any rule controlling future investments so as to justify a continued disregard of plain directions of the will.

In the matter of the judicial settlement of the executors of the estate of Robert A Irwin, deceased. Decree rendered.

C. Godfrey Patterson (Schuyler E. Day, of counsel), for executors. Stewart Shearer, for remaindermen.

THOMAS, S. The testator, in the seventh paragraph of his will, wherein he created the trust of $250,000, directed his executors as trustees, "to invest the same in first bond and mortgage on New York City improved real estate or first mortgage or railroad bonds (paying dividends on their stock)." This direction was mandatory. It established for the trustees a positive rule, which it was not in their power to disregard without committing a breach of trust. The creator of a trust requiring the investment of money may direct how the investment shall be made and what securities shall be taken and may even dispense with the taking of any security. Denike v. Harris, 84 N. Y. 89; Matter of Stewart, 30 App. Div. 371, 51 N. Y. Supp. 1050. The decree made October 27, 1899 was a protection to the trustees as to such investments in municipal bonds of the city of New York as were shown in the account thereby settled, which investments were not then objected to, and the effect of it may also have been to give the trustees a reasonable time in which to dispose of such unauthorized investments; but this I do not decide for the reason that all of the municipal bonds then in their hands were subsequently disposed of, and none of them are included among the investments now shown in the accounts as belonging to the trust in question. Such decree did not establish any principle or rule controlling future investments so as to justify a continued disregard of the plain directions of the

will, nor does it preclude the remaindermen from objecting to investments of the same class thereafter made. Matter of Long Island Loan & Trust Co., 92 App. Div: 1, 87 N. Y. Supp. 65; Matter of Hunt, 41 Misc. Rep. 72, 83 N. Y. Supp. 652, and cases cited. Though I am satisfied that the trustees were innocent of any intentional wrongdoing, they must, nevertheless, be surcharged with the sums invested in the unauthorized securities, and the decree to be made will contain proper provisions for the turning over of such securities to the trustees personally in order that they may use them in realizing the amount of money with which their account is surcharged.

The exceptions to the fourth finding of fact and the eighth conclusion of law are sustained. The costs of the trustees and of the special guardian on the reference will be paid out of the fund belonging to the trust under the seventh paragraph of the will. The tenth conclusion of law is modified in accordance with this decision. In other respects the report of the learned referee is confirmed. Tax costs and settle findings and decree on notice.

Decreed accordingly.