In the Matter of the Judicial Settlement of the Account of
AARON P. GARRABRANT, Sole Surviving Executor and Trus-
tee in the State of New York, and ANNIS E. CLARK, as
Executrix of the Estate of LAURA A. KLUGH, a Deceased
Executrix and Trustee of the Last Will and Testament of
HENRY E. KLUGH, Deceased.

AARON P. GARRABRANT, as Sole Surviving Executor and Trus-
tee, and ANNIS E. CLARK, as Executrix, Appellants; AARON
D. KLUGH and Others, Respondents.

First Department, December 29, 1916.

Executors and administrators — accounting — costs — mistakes of
judgment.

Executors should not be deprived of their costs on a final accounting
because they have made mistakes of judgment, if their good faith has
not been successfully attacked and it does not appear that the acts
were done with a deliberate intention of injuring the estate or depleting
its funds and have not had such results.

APPEAL by Aaron P. Garrabrant, as sole surviving executor
and trustee, and another, from a decree of the Surrogate's
Court of the county of New York, entered in the office of said
Surrogate's Court on the 22d day of March, 1916, judicially
settling the accounts herein.

Certain specific items of the decree are excepted from the
appeal.

*Charles P. Hallock,* for the appellants.

*Charles E. Thorn,* for the respondents.

DOWLING, J.:

The surviving executor, and the executrix of the deceased
executrix, of the estate of Henry E. Klugh, deceased, appeal
from a decree of the Surrogate's Court, dated March 20, 1916,
settling their accounts. The record is voluminous and it is
unnecessary to discuss the evidence, but only to indicate the
issues on which we disagree with the conclusions reached by
the referee. For the reasons indicated in the opinion in the
accompanying appeal (*Matter of Klugh,* 176 App. Div. 187),

the accounting executors are entitled to a further credit of $269.76, and the decree appealed from should be modified in accordance therewith, by giving the accountants credit for such sum.    Furthermore, whatever mistakes of judgment may have been made by the accountants, their good faith has not been successfully attacked nor does it appear that any act of theirs was done with the deliberate intention of injuring the estate committed to their charge or of depleting its funds, nor have their acts had such results.    After a careful examination of the whole record we are convinced that the executors should not be punished by being deprived of their costs.

The decree appealed from will, therefore, be modified by giving the executors a further credit of $269.76, the result of the correction made in the prior account, and by allowing them the sum of $277.80 as their costs as originally taxed by the surrogate, and the decree as thus modified will be affirmed, with costs of the appeal to all parties payable out of the estate.

CLARKE, P. J., McLAUGHLIN, LAUGHLIN and DAVIS, JJ., concurred.

Decree modified as stated in opinion, and as modified affirmed, with costs of appeal to all parties payable out of the estate. Order to be settled on notice.