In the Matter of the Judicial Settlement of the Account of LAURA A. KLUGH and AARON P. GARRABRANT, as Executors, etc., of HENRY E. KLUGH, Deceased.

AARON P. GARRABRANT, as Sole Surviving Executor and Trustee, and ANNIS E. CLARK, as Executrix, etc., of LAURA A. KLUGH, Deceased, Executrix and Trustee, Appellants; AARON D. KLUGH and Others, Respondents.

First Department, December 29, 1916.

Executors and administrators — accounting — clerical error in computing sums to be credited to executors — correction of error.

Where executors on their judicial accounting have not been properly credited with a certain sum by reason of a clerical error in computation, the court will allow the proper credit although it may deny their application to reopen the proceeding.

First Department, December, 1916.        [Vol. 176.

APPEAL by Aaron P. Garrabrant, as sole surviving executor and trustee, and another, from an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 22d day of March, 1916, denying appellants' motion to vacate an order judicially settling their account and to open said proceeding.

*Charles P. Hallock,* for the appellants.

*Charles E. Thorn,* for the respondents.

DOWLING, J.:

The surviving executor of the estate of Henry A. Klugh, deceased, and the executrix of the deceased executrix of said estate, have moved to vacate a decree of the Surrogate's Court dated September 12, 1904, judicially settling the accounts of the then executors of the said estate, and to reopen said proceeding and take proof of, and correct, the errors claimed to exist in the said account.

While it may fairly be said that the excuse offered for the delay in seeking the relief sought is not very convincing, and while no good reason has been shown for reopening the account and relieving the accounting executors from the items for the sale of the Pennsylvania realty and the amount of the Ward mortgage, still it does appear clearly that a clerical error was made in the computations in Schedule B of said account, as the result of which the executors were only credited with the sum of $288.65 when in fact the sum with which they should have been credited was $558.41, leaving an amount by which they were erroneously overcharged of $269.76. That this was a mere clerical mistake is apparent from an inspection of the account and the respondents are unable to show that it is anything save a patent error.

The order appealed from will, therefore, be modified, so that while it denies the application to reopen the proceeding and take proof as to the items of $600 and $202.37, it will grant the application to the extent of crediting the accounting executors with the sum of $269.76 in addition to the credits heretofore given them by the decree, the failure to credit such sum to them being due to clerical mistake and an error in computa-

tion, and as so modified the order will be affirmed, without costs to either party.

CLARKE, P. J., MCLAUGHLIN, LAUGHLIN and DAVIS, JJ., concurred.

Order modified as stated in opinion, and as modified affirmed, without costs. Order to be settled on notice.