In the Matter of the Judicial Settlement of the Accounts of AARON P. GARRABRANT, Sole Surviving Executor and Trustee in the State of New York, and ANNIS E. CLARK, as Executrix, etc., of LAURA A. KLUGH, a Deceased Executrix and Trustee, etc., of HENRY E. KLUGH, Deceased.

AARON P. GARRABRANT, as Executor, and ANNIS E. CLARK, as Executrix, etc., Appellants; AARON D. KLUGH and Others, Respondents.

First Department, May 18, 1917.

Executors and administrators — appeal — practice on appeal from order of Surrogate's Court settling accounts — liability of executor for interest on sums due legatees.

Where the Appellate Division on appeal from an order of the Surrogate's Court settling the accounts of an executor and executrix and directing distribution of the estate, modifies the decree appealed from but does not in terms remit the matter to the Surrogate's Court for the entry of an order in accordance with its decision, it is not necessary for said court to enter a decree "resettling" its former decree. All that is necessary is to enter an order making the order of the Appellate Division the order of the Surrogate's Court; then the original decree will stand as modified.

Where on such an appeal the sums allowed to the appellants are increased so as to decrease the amounts due to the several distributees, it is proper, although not strictly necessary, to draw the order entered upon the remittitur from this court so as to specify the altered amount to be paid to each distributee.

The executor and executrix in such case being justified in declining to pay the legatees the sums fixed by the original decree, are liable only for the amount of interest earned upon the sums due to the several distributees from the date of the original decree to the date of the pay-

ment. This because a debtor is not chargeable with interest as a penalty for non-payment, unless the amount he is to pay is fixed or is ascertainable by computations from fixed factors.

If, however, the appeal had not been successful, and the amounts payable to the legatees had not been reduced in consequence thereof, the executor and executrix would have been chargeable with full interest from the date of the original decree. ·

APPEAL by Aaron P. Garrabrant, as executor, and another, from an order of the Surrogate's Court of the county of New York, entered in the office of said Surrogate's Court on the 21st day of March, 1917, denying a motion to vacate an order resettling the decree herein entered upon the final settlement of the accounts of the executor and executrix.

*Charles P. Hallock*, for the appellants.

*Charles E. Thorn*, for the respondents.

SCOTT, J.:

The appellants, as executor and executrix of the last will and testament of Laura A. Klugh, deceased, presented their accounts to the Surrogate's Court for final settlement. A reference was ordered, and on the coming in of the referee's report a final decree was made stating and settling the accounts and directing a distribution of the amount found to be in the hands of the accountants subject to distribution. The accountants, being dissatisfied with the decree as entered, appealed to this court where the decree was modified by allowing to the accountants certain charges which the surrogate had refused to allow. (See *Matter of Garrabrant,* 176 App. Div. 186; *Matter of Klugh,* Id. 187.) Thereupon an order was entered in the Surrogate's Court making the order of this court the order of said·Surrogate's Court, and fixing the amount of costs payable to the parties to the appeal. This order was entered on January 31, 1917, and on February 1, 1917, a decree was entered in the Surrogate's Court "resettling" the former decree of that court, dated March 20, 1916, which had originally settled the accounts. The accountants moved to vacate this resettled decree, and from an order denying their motion they appealed to this court.

The order of this court did not, in terms, remit the matter

to the Surrogate's Court for the entry of an order in accordance with our decision, but itself modified the decree appealed from. All that was necessary, therefore, to be done in the Surrogate's Court was to enter the. formal order that was entered making the order of this court the order of the Surrogate's Court, and fixing the costs payable to the parties to the appeal which had been allowed by the order of this court. The original decree would then have stood as so modified. The increased . sums allowed to the accountants by the order of this court decreased the various sums directed to be paid to the several distributees, and it would have been proper and convenient, although not perhaps strictly necessary, to have so drawn the order entered upon the remittitur from this court, as to specify the altered amount to be paid to each distributee. This, however, is not what the resettled decree did. It made no reference whatever to the order of this court, but purported to resettle and amend the original decision, modifying the figures, however, so as to correspond with the modifications resulting from our order. This was an irregular way to arrive at the result, but we cannot see that, in this case, any one can suffer from the irregularity. We refer to it only because in another case the practice here followed might lead to more serious results.

There is only one practical question raised by this appeal which requires consideration. By the resettled decree the accountants are charged legal interest upon the sums due to the several distributees from March 20, 1916, the date of the original decree, to the date of the payment. It is not disputed that this interest greatly exceeded the interest which the money had actually earned in the hands of the accountants. ·

By the original decree the accountants were found to have in their hands for distribution among the legatees the sum of $9,762.54, which was required to be divided into nineteenths, the amount payable to each legatee being specifically set forth in the decree. By the resettled decree the accountants were found to have in their hands for distribution among the legatees only $8,774.32, and the amount to be paid to each legatee was proportionately reduced. It is on these reduced amounts that the accountants have been charged full . legal interest of six per cent. This was error. Interest upon a sum directed to be paid

by a decree settling accounts of an executor or trustee is charged by way of a penalty for non-payment. But a debtor is not chargeable with interest as a penalty for non-payment unless the amount he is to pay is fixed or else is ascertainable by computations from fixed factors. In the present case the accountants were justified in declining to pay the legatees the sum fixed by the original decree, because, as the event has proved, these sums were too large. How much should be paid could not be determined until the appeal from the original decree' had been heard and decided, nor were they called upon to pay the legacies in installments, or to make payments on account. Until the decree had been put in such form that it correctly fixed the several amounts which they were called upon to pay, they were not put in default for non-payment so as to be subject to the payment of full interest by way of penalty.

Of course if they had been unsuccessful in their appeal to ths court and the amounts payable to the legatees had not been reduced in consequence thereof, they would have been chargeable with full interest from the date of the original decree. (*Matter of Ryer*, 120 App. Div. 154.)

We see no necessity for vacating the resettled decree, but under the prayer for " other and further relief " in appellants notice of motion the resettled decree will be amended by striking out the words " with interest thereon at the rate of six per centum per annum from March 20, 1916, the date of entry of the original decree herein " whenever they appear, and insert in place thereof the words: " with such interest as the accountants have realized thereon," with ten dollars costs and disbursements to appellants to be deducted proportionately from the amounts payable to the respondents.

CLARKE, P. J., LAUGHLIN, DAVIS and SHEARN, JJ., concurred.

Order modified as stated in opinion and as modified affirmed, with ten dollars costs and disbursements to appellants. Order to be settled on notice.