Matter of the Estate of PHILIP LONDON, Deceased.

(Surrogate's Court, New York County, August, 1918.)

Accounting — testamentary trustees — wills — investment in "Liberty Loan bonds" justified — other investments.

Where it appears by the general scheme of testator's will that he intended his son should receive not more than $2,000 a year for his support, maintenance and education during his

minority, and that he should receive the entire income of the estate including whatever had not been expended of the $2,000 yearly when he attained majority, and thereafter all the income until he reached the age of thirty-five years provided none of the contingencies mentioned in the paragraph of the will relating to the $2,000 occurred, an objection by the special guardian for the son, on the accounting of the testamentary trustees, that they had invested and retained all of the income of the estate over and above the $2,000 a year, and the same not having been bequeathed by the will should have been paid to the son who was entitled to the next eventual estate, or to his testamentary guardian, will be overruled, as the general scheme of the will being consistent with the rules of law it was the duty of the court to effect the main purpose of testator.

Where the trustees were directed to invest and reinvest the funds of the estate and keep them invested in " such bonds issued by railroad corporations in the United States of America as return an income of not less than four per cent. per annum at the time of the investment," such direction is mandatory.

Where the account shows that investments in railroad bonds returned an income of more than four per cent per annum at the time of investment, an objection by the special guardian that the trustees should not be credited with losses on such transactions will be overruled.

An investment in New York city bonds being unauthorized under the will, an objection by the special guardian that the trustees should not be credited with losses on such investment will be sustained and the account surcharged.

An investment in the First Liberty Loan bonds held to have been justified, and an objection of the special guardian thereto overruled.

PROCEEDING upon an accounting by testamentary trustees.

Louis Werner (Osmond K. Fraenkel of counsel), for testamentary trustees.

John M. Stoddard, special guardian for infant.

COHALAN, S. This is an accounting by testamentary trustees of a trust fund created for the benefit of testa-

Surrogate's Court, New York County, August, 1918.    [Vol. 104.

tor's infant son, Edward Whitney London. The special guardian of the infant son has filed three objections to the said account. Two of the objections relate to the provisions of paragraph 10 of the will of the testator and require a construction thereof. Paragraph 10 reads as follows:

" *Tenth.* All the rest, residue and remainder of my property and estate of every kind, nature and description, real personal and mixed, howsoever and wheresoever the same may be, including all lapsed and ineffectual legacies and bequests, I give, devise and bequeath unto my executors hereinafter named and the survivor of them and unto such of them as shall qualify and act hereunder, in trust nevertheless until my son Edward Whitney London shall attain the age of thirty-five years or shall die, whichever event shall first occur and in the meantime and until the happening of either of those events to invest and reinvest the said rest, residue and remainder of my estate and keep the same invested in such bonds issued by Railroad Corporations in the United States of America as return in interest an income of not less than four per centum per annum at the time of investment with power to vary from time to time all or any part of such investments and to receive the interest and income thereof and pay out and expend such interest and income as follows:

"Two thousand ($2,000) dollars thereof or less, in their absolute discretion, annually in equal monthly installments unto my son, Edward Whitney London, for his support, maintenance and education until he shall have attained the age of twenty-one (21) years, and after the attainment of said age and until he attains the age of thirty-five (35) years the whole of the interest and income of said residuary estate or of so much thereof as may be in their hands. If my said son shall die before attaining the age of thirty-five or

if before attaining said age he shall alienate, charge, or otherwise dispose of, or anticipate or attempt to alienate, charge, dispose of or anticipate the whole or any part of his interest in my estate either contingent or otherwise or become bankrupt, then upon the happening of either or any of those events, I direct my said trustees and the survivor of them to distribute said rest, residue and remainder of my estate among such of the children of my said son as may be living at the time of the happening of either of said events, or if there shall be only one child, then the whole of said rest, residue and remainder of my said estate shall go to and belong to such one child to have and to hold unto them or it absolutely and forever; and if there shall be no children or child, then to divide said rest, residue and remainder among such charitable Jewish institutions as said executors or the survivor of them or such of them as shall qualify and act hereunder may select and in such proportions as they may in their discretion deem proper. But should my said son attain the age of thirty-five (35) years without having alienated, charged or otherwise attempted to alienate, charge, dispose of or anticipate the whole or any part of his interest in my estate either contingent or otherwise or without having become bankrupt, then I direct my said executors to pay over unto him when he shall have attained the age of thirty-five years said rest, residue and remainder of my estate or so much thereof as may then be in their hands, to have and to hold unto him absolutely and forever."

The first objection of the special guardian is " That the trustees have invested and retain all of the income of said estate over and above the sum of $2,000 per annum, which excess of income not having been bequeathed by the will, should have been paid to the person entitled to the next eventual estate, namely,

Edward Whitney London, or to his testamentary guardian.''

While the language of testator in disposing of the income of his estate is ambiguous and obscure, his intent may be readily inferred from the general scheme of his will. He intended that his son should receive not more than $2,000 a year for his support, maintenance and education during his minority, and that he should receive the entire income, including whatever had not been expended of the $2,000 yearly for his support and maintenance, when he arrived at the age of twenty-one years, and thereafter all the income until he reached the age of thirty-five years, provided none of the contingencies stated in the 10th paragraph occurred. It is the duty of the court, if a general scheme can be found to have been intended and provided for in the instrument, and such general scheme is consistent with the rules of law, to effectuate the main purpose of the testator as shown by such scheme (*Roe* v. *Vingut,* 117 N. Y. 204), and I will therefore hold as indicated above and overrule the first objection of the special guardian.

The second objection of the special guardian is '' That such trustees should not be credited with the losses, set forth in Schedule B of their account, in transactions in Morris & Essex 3½% bonds, Illinois Central P. L. 3½% bonds, Michigan Central 3½% bonds, New York City 4½% bonds and United States Liberty Loan first 3½% bonds, for the reason that such bonds are not of the class permitted by the will.''

The trustees by the 10th paragraph of the will were directed to invest and reinvest the funds of the estate and keep the same invested in '' such bonds issued by Railroad Corporations in the United States of America as return in interest an income of not less than four per centum per annum at the time of investment.'' The

account of the trustees shows that the investment in railroad bonds above referred to returned an income of more than four per cent per annum at the time of investment. The special guardian's objection with reference to such investment is therefore overruled. The provision of paragraph 10 of the will directing the trustees to invest the funds of the estate in railroad bonds is mandatory, and the investment by them in New York city bonds above referred to was unauthorized. *Matter of Irwin,* 59 Misc. Rep. 143. I will therefore sustain that part of the second objection of the special guardian which relates to such investment, and the trustees will be surcharged with the loss occasioned thereby.

The remaining undisposed of part of the second objection of the special guardian relates to the investment by the trustees in First Liberty Loan bonds and brings up a most important question for consideration. A strict and literal interpretation of the law, under normal conditions, would require an adjudication that such investment was unauthorized. But these are abnormal times. Our country is engaged in a great war and needs the undivided support, aid and loyalty of every citizen. Under these circumstances the court should not be bound by narrow and restricted rules of law and construction in questions which affect the welfare of our country, but should exercise its best and widest discretion. The investment by the trustees in these Liberty Loan bonds was in aid of our government in its hour of need, and they should be commended rather than condemned therefor. The testator could not have foreseen these conditions when he made his will and inserted his prohibition therein as to the investment of the funds of the estate, and I feel that were he alive he would have invested in these bonds. I will therefore hold that the said investment

by the trustees in the First Liberty Loan bonds was justified and will overrule the objection of the special guardian in relation thereto.

The third objection of the special guardian is " That such trustees should be charged with the additional principal of the residuary estate shown to be in their hands, by their account as executors, contemporaneously filed, after the payment of their commissions and the expenses of that accounting." This objection will be disposed of by a proper provision in the decree settling the accounts of the executors.

Decreed accordingly.