In the Matter of the Estate of LEO L. DOBLIN, Deceased.

Surrogate's Court, New York County, May 24, 1934.

*Mitchell, Taylor, Capron & Marsh*, for the National City Bank of New York, as trustee, petitioner and accountant.

*Gilbert & Gilbert*, for the respondents.

*Richard Ely*, special guardian for infants, objectants.

FOLEY, S. This is a motion to dismiss certain objections to the account of the corporate trustee in this estate. The specific

objections sought to be dismissed relate to the charge that the corporate trustee, in disregard of its duty and in violation of the specific terms of the will, invested the funds of the estate in guaranteed mortgage certificates and in parts or shares of bonds and mortgages on real estate. The investments complained of include five guaranteed mortgage certificates issued by real estate title and guaranty companies, and four parts or shares in separate mortgages acquired in their entirety by the corporate trustee, or its affiliate, and allocated to the trust here accounted for.

The determination of this motion depends upon whether the investments by the trustee of the funds of the estate in these securities were authorized by the terms of the will and the pertinent statutes and decisions. The powers of a trustee in respect of its dealings with the corpus of a trust must be determined primarily from the terms of the instrument creating the trust. (*Matter of Kohler*, 231 N. Y. 353.) The trustees here were authorized, empowered and specifically directed, in paragraph fortieth of the will, to invest " only in such securities in which savings banks of the State of New York are authorized to invest by the laws of the State of New York."

The questions for determination are, therefore, (1) Was the trustee authorized to invest in participations in bonds and mortgages held in legal title by the corporate trustee? (2) Was the trustee authorized to invest in guaranteed mortgage certificates representing parts or shares of bonds and mortgages?

I am of the opinion that the first question should be answered in the affirmative, and the motion to dismiss as to the relevant objections is granted. The second question must be answered in the negative. I hold that the trustee lacked the authority and power to invest in guaranteed mortgage certificates issued by another company. The motion to dismiss the relevant objections on this question is denied.

(1) The basis of my conclusion on the first question is the decision of the Court of Appeals in *Matter of Union Trust Co. (Hoffman Estate)* (219 N. Y. 514). That decision involved the legality of the investment of trust funds in participations in bonds and mortgages held by the trustee in its own name. The general practice of dividing and distributing such participations was sustained as valid by the Court of Appeals. The court stated: " The advantages that are frequently to be secured by combining trust funds to make a large and more satisfactory investment than can be made of the funds of one trust without combination are of sufficient importance and value to the several trust funds to overcome any disadvantage that may arise from the fact that the

several owners of the investment may thereafter differ in the matter of handling the same. Trust funds have been from time to time combined for investment with satisfactory results and the practice is generally recognized as proper for a trustee. (11 Ruling Case Law, 143; *Barry* v. *Lambert*, 98 N. Y. 300.)"

At the time of this decision, section 111 of the Decedent Estate Law fixed the classes of securities in which a trustee was authorized to invest as follows: (a) Those in which savings banks of this State were by law authorized to invest; and (b) bonds and mortgages on unincumbered real property in this State worth fifty per cent more than the amount loaned thereon. The terms of the will here imposed no greater restrictions than did the first part of section 111 of the Decedent Estate Law, as it existed when construed in the *Union Trust Co.* case. We have almost an exact parallel between the facts in *Matter of Union Trust Co.* and the facts here. In the *Union Trust Co.* case the trustee under the law was limited to savings bank investments. The only modification permitted by the statute to trustees, but denied to savings banks, was the slightly higher amount of the mortgage with relation to the total value of the property. In the present case the will limited the trustee to investments in savings bank securities. Its directions in substance were the same as the limitations contained in section 111 of the Decedent Estate Law, as construed in *Matter of Union Trust Co.*, except that it restricted the trustee to the percentages of mortgages of the total value applying to savings banks.

The practice of trust companies and banks in investing in participations was determined to be lawful in the *Union Trust Co.* case. If such investments were lawful in that case, they were lawful here. We are not concerned with the fact that savings banks by general custom have not invested in mortgage participations. The industry of counsel and the research of the surrogate have failed to disclose any reported judicial decisions construing directly the powers of a savings bank to invest in participations. The various Superintendents of Banks, as a matter of regulation, have discouraged investments in parts of mortgages. Trustees of savings banks, it is conceded, have followed that policy. Time and experience have proven the wisdom of confining the investments by the savings bank as a matter of policy to whole mortgages. But, regardless of policy, the Court of Appeals has construed the authority of a trustee to invest in savings banks securities, to include the power to invest in participations.

At the time the will here was written, on February 18, 1927, *Matter of Union Trust Co.* (decided in 1916) had laid down a

general rule for the guidance of trustees. It would be inequitable in such a situation, where a practice sanctioned by the decision of the highest court of the State was adopted by the trustee, to surcharge the trustee for acts done in conformity with it.

A subordinate phase of this question arises because of the manner of issuance of the participations of mortgage in which the trust funds were invested. One participation amounted to the sum of $100,000. The mortgage in that case was held in name and title by the corporate trustee. The conclusion reached by me in the foregoing part of this decision sustains the legal authority of the trustee to make that investment. The motion to dismiss the objections concerning this participation is granted.

In respect of a group of participations aggregating approximately $10,000, a distinction must be made. These participations were parts of mortgages held in name and title by the City Bank Farmers Trust Company, an affiliate of the National City Bank, the corporate trustee. There is no testimony before me tending to prove the exact relationship between these two corporations — the trust company and the National City Bank — and the stipulation of facts submitted by the parties throws no light upon that relationship. I am compelled to assume, therefore, that the two corporations are separate entities.

Under these circumstances, I hold that the corporate trustee was not authorized, either by law or under the terms of the will, or by the effect of the decision in *Matter of Union Trust Co. (supra)*, to invest the trust funds in participations of mortgages held in the name and title of another corporation. The decision in *Matter of Union Trust Co.* must be strictly limited to the facts there. It authorizes investments in participations in mortgages held by the corporate trustee. It did not authorize investments in participations held by some other corporation. As to this group of participations, therefore, the motion to dismiss the objections is denied.

(2) I hold that the investments by the trustee in mortgage certificates was unauthorized by the terms of the will and by law. Savings banks had no power to make such investments. *Matter of Union Trust Co.* did not cover such a situation. That case was limited to participations in bonds and mortgages held by a trustee in its own right and in its own name. It did not extend to guaranteed mortgage certificates issued by other companies.

The powers of fiduciaries in respect of investments of trust funds generally are contained in section 111 of the Decedent Estate Law, section 21 of the Personal Property Law, and section 188, subdivision 7, of the Banking Law. As originally enacted, none

of these statutes directly or expressly authorized the investment of trust funds in what are commonly known as " guaranteed mortgage certificates." By various amendments to the statutes, however, the field of investments for fiduciaries was enlarged to include such securities. Fiduciaries generally may now, unless restricted by the will to other investments, include in their choice of securities for trust estates guaranteed mortgage certificates issued by title and guaranty companies. The right to invest in such certificates was never extended to savings banks.

While amendments have been made enlarging the powers of savings banks as to investments, subdivision 6 of section 239 of the Banking Law was not extended to permit investments in guaranteed mortgage certificates. In that respect that section of the Banking Law has remained unchanged. It is generally known that savings banks, in compliance with the statute, have adhered strictly to the practice of investing funds deposited with them in whole bonds and mortgages on unincumbered real property to the extent of the statutory percentage of the value of the property, and have refrained by reason of the limitations of the statute from making investments in guaranteed mortgage certificates. Such certificates have not been included as investments proper for savings banks because of the sound public policy of this State which requires that the strictest limitations be placed upon investments made by savings banks for the protection of their depositors and for the purpose of vesting the savings banks with the absolute control over investments in mortgages made by them. That this rule of public policy has been justified is apparent in the light of the present day unfavorable condition of the real estate market and especially the situation in respect of guaranteed mortgage certificates.

I am of the opinion, therefore, that the will of the testator did not authorize the trustee to invest in guaranteed mortgage certificates.

Submit order on notice accordingly which shall include a provision for the appointment of a referee to hear and determine the issues raised by the objections.