In the Matter of the Estate of SMITH BAKER, Deceased.

Surrogate's Court, Oneida County, January 8, 1937.

*Ferris, Burgess, Hughes & Dorrance,* for the First Bank and Trust Company.

*Arthur N. Gleason,* for Phœbe Ashley, life tenant, and Oberlin College, remainderman.

EVANS, S. This is a dispute concerning the rate of interest to be allowed on a decree for the payment of money granted by this court on May 13, 1936. An appeal was taken by the executor and trustee and others from this decree to the Appellate Division, Fourth Department, which resulted in a modification of the decree (249 App. Div. 265), and this is a motion to make the judgment of

that court the judgment of the Surrogate's Court. It is the contention of the life tenant and remainderman that the amount as finally determined as a surcharge of the account of the trustee should bear the legal rate of interest from the date of the entry of the decree. The trustee contends that the rate of interest should not exceed three-fourths of one per cent pursuant to section 188 of the Banking Law of the State of New York.

" Where a decree directs the payment of a sum of money into court, or to one or more persons therein designated * * * the docketing of such a decree has the same force and effect, the lien thereof may be suspended or discharged, and the decree may be assigned or satisfied, as if it were such a judgment." (Surr. Ct. Act, § 81.)

" The determination of the rights of the parties to a special proceeding in a Surrogate's Court, is a decree." (Surr. Ct. Act, § 78.)

" Every decree of a Surrogate's Court is conclusive as to all matters embraced therein against every person of whom jurisdiction was obtained." (Surr. Ct. Act, § 80.)

" A judgment for a sum of money rendered in a court of record or not of record, or a judgment rendered in a court of record directing the payment of money, bears interest from the time when it is entered." (Civ. Prac. Act, § 481.)

Section 188, subdivision 11, of the Banking Law applies to trust companies acting as executor, administrator, guardian and trustee and provides that the interest rate on money so held by such fiduciary shall be not less than three-fourths of one per centum per annum and not more than three per centum per annum.

There appears to be a paucity of authority covering these particular questions under consideration. The amount to be paid by the trustee under the decree mentioned represents a surcharge. It is the contention, in brief, of the trustee that the disputed facts now merged in the decree do not lose to the trustee the special provision of the Banking Law above quoted. The life tenant and remainderman contend that the entry of the decree renders the trustee a judgment debtor and subjects it to the payment of a legal rate of interest. The provision of the Banking Law as to the payment of interest is a special provision and I think does not extend its rights to the payment of an ordinary judgment. As a simple illustration, a promissory note, which bears no interest, when reduced to judgment, bears interest at the legal rate.

I think that all questions pertaining to the subject-matter of a controversy, whether bearing a reduced rate of interest or no interest at all, become merged in the decree or judgment granted by a court of competent jurisdiction. I am, therefore, of the

opinion that the amount directed to be paid to the life tenant and the remainderman according to the decree entered in the Surrogate's Court on May 13, 1936, as modified on appeal, bears interest from that time at the rate of six per cent.

Decreed accordingly.