In the Matter of the Estate of JULIUS GOEBEL, Deceased.

Surrogate's Court, New York County, August 26, 1941.

*Mandelbaum Brothers*, for Anna M. Goebel, Anna M. Clarke and Elfrida Kirchoff, as surviving trustees.

*Greene & Greene* [*Thurston Greene* of counsel], for Marie Louise Goebel and A. Mandelbaum, as executors, etc., of Julius Goebel, Jr., deceased trustee, petitioners.

*Harry J. Ahlheim*, special guardian.

FOLEY, S. The principal issue raised in this accounting proceeding involves the objection of the special guardian of the infant remainderman to an investment made by the trustees in guaranteed mortgage certificates. It is claimed that the investment violated the terms of the will and the restrictions placed upon the class of permissible securities and imposed by the testator upon his trustees. The objection is sustained. The surrogate holds that the powers granted in the will did not include the right to invest in the questioned guaranteed mortgage certificates.

In paragraph ninth of the will the trustees were authorized, empowered and directed " to invest the estate given to them

in trust hereunder, in bonds, secured by first mortgages upon good, productive, improved and unincumbered real estate, in the Borough of Manhattan, City of New York (said mortgages not to exceed seventy per cent of the actual value of such real estate) or to invest the same or any part thereof in the same securities as Savings Banks are authorized by law to invest, always having paramount regard to the safety of said investments."

The challenged certificates were parts of a mortgage upon property located in New Rochelle, Westchester county. The testator had specifically limited mortgage investments to those on realty in the borough of Manhattan, New York city. The terms of the will would have permitted investment in guaranteed mortgage certificates on property located in that borough. They could not be extended to mortgages on real estate located elsewhere.

Nor did the alternative clause permitting investments in securities in which " Savings Banks are authorized by law to invest " justify the placement of the trust funds in the certificates. This specific question of interpretation of a direction of that nature was considered by me in *Matter of Doblin* (152 Misc. 406) and in *Matter of Haydock* (158 id. 404). The terms of the wills in those cases limiting investments to those authorized for savings banks were almost identical with those here involved. In *Matter of Doblin* (*supra*) the surrogate pointed out that guaranteed mortgage certificates were never legal investments for the savings banks of this State. Investments in mortgages for these institutions were limited by the Legislature to whole mortgages only.

The rule has been frequently stated and repeatedly followed that a testamentary fiduciary is strictly held to investments authorized by the will. To escape liability for any departure therefrom the fiduciary must be able to point to a clear authorization, sufficiently broad to cover the particular character of the investment made or sought to be made. (*Matter of Morris*, 153 Misc. 905; *Matter of Herriman*, 142 id. 164; *King* v. *Talbot*, 40 N. Y. 76; *Matter of Hall*, 164 id. 196.) In making investments of trust funds the trustee is under a duty to the beneficiary to conform to the terms of the trust unless compliance is impossible or illegal or unless there has been such a change of circumstances that compliance would defeat or substantially impair the accomplishment of the purpose of the trust. (Restatement, Law of Trusts, § 227, p. 645.) " By the terms of the trust the trustee may be restricted to classes of investments narrower than those in which he would otherwise be permitted to invest. In such a case the trustee commits a breach of trust if he invests in securities not permitted by the terms of the trust although they would otherwise be proper trust

investments; and he can be surcharged for any loss that ensues." (2 Scott on Trusts, p. 1225; *Matter of London*, 104 Misc. 372, 376; affd., 187 App. Div. 952; *Matter of Irwin*, 59 Misc. 143.)

Here the grant of authority made by the testator to his trustees was limited to the class of securities defined by him. The challenged guaranteed mortgage certificates were not included within the specified group. Their purchase by the trustees was unauthorized. They are, therefore, surcharged with the original amount expended for the purchase of these certificates — $5,955. Upon paying that amount into the fund they may withdraw the certificates for their personal use. In the event that they decide not to pursue such election within thirty days, the certificates are directed to be sold and the difference between their cost and the proceeds of the sale constitutes the net surcharge.

(Other directions included in the original decision of the surrogate omitted because not of general interest and because of their subordinate importance.)

Submit decree on notice settling the account accordingly.