In the Matter of the Estate of JOHN V. BLACK, Deceased.
Surrogate's Court, New York County, January 21, 1942.

*Nicholas R. Jones,* for the petitioners.

*White & Case,* for the Bankers Trust Company, as trustee respondent.

*Charles Lamb* [*R. B. Stringham* of counsel], for William H. Hall, Charles E. Hall and Arlington C. Hall, as trustees, etc., of William H. Hall, respondents.

*William G. Johnson,* for Dorothy P. Black, respondent.

*Edmund S. Bergen,* special guardian.

FOLEY, S.   In this executors' accounting a creditor holding a bond secured by a mortgage seeks to recover from this estate the full amount due under the bond and mortgage.

This decedent and his brother, Henry V. D. Black, owned a valuable parcel of real property in lower Manhattan as joint tenants. In 1904 the joint tenants executed a mortgage on this property and simultaneously executed a bond in the sum of $290,000 for which the mortgage was security.   Through amortization payments the mortgage debt has been reduced to $211,190.06, the amount of the claim now asserted.

This decedent died on August 13, 1935, and the fee of the property passed to his brother, the joint tenant, by operation of law.   The will of this decedent provides for various legacies and trusts in substantial amounts and these gifts for the most part have been satisfied.

Henry V. D. Black, the surviving joint tenant, died on June 12, 1941.   His will and codicil, which have been admitted to probate by the Surrogate's Court of Westchester County, give all his property to his widow.   The mortgaged premises have, therefore,

become the property of the widow of Henry V. D. Black, subject, of course, to the mortgage indebtedness under the provisions of section 250 of the Real Property Law.

There has been no default in the payment of interest or taxes at any time. The property is assessed by the city of New York at $340,000 as compared with the lien of the mortgage as above stated of $211,190.06.

On these facts the holders of the bond and mortgage now seek to collect from the executors of this estate the full amount due under the bond. It is intimated that a lesser sum might be accepted but as a matter of law either the entire sum is now due or nothing is presently due.

The argument in support of this claim is, to say the least, ingenious, technical and at times bewildering.

Originally the creditor sought only a reservation of estate assets to secure eventual payment of the claim. That is the claim was considered as contingent and section 207 of the Surrogate's Court Act was invoked to secure the reservation of sufficient assets to meet any possible deficiency judgment in the future. While this relief has not been abandoned by the creditor it is now advanced merely as an alternative. Primarily absolute payment of the amount of the bond under section 212 of the Surrogate's Court Act is now demanded.

The argument in support of the claim starts with the contention that a mortgagee may waive the security of the mortgage and sue on the bond. It is then pointed out that the executors of this estate cannot invoke the provisions of section 250 of the Real Property Law as the real estate did not descend or pass by devise. Under that section the mortgaged property of a decedent which passes by will or intestacy is made the primary fund for the payment of the mortgage debt. It should be noted here that the executors of Henry Black, the joint tenant, may invoke the provisions of that section since the entire fee of the real property passed by devise under his will.

It is next urged that sections 1077-a, 1077-b, 1083-a and 1083-b of the Civil Practice Act, which are part of the mortgage moratorium laws, have no application here. The basis of this contention appears to be a statement in *Matter of Burrows* (283 N. Y. 540, 543) that section 1083-a of the Civil Practice Act applies only to actions and does not apply to proceedings in the Surrogate's Court.

In that case the mortgage creditor asked a reservation of estate assets to provide for ultimate payment of a possible deficiency judgment. In seeking to determine the amount necessary to pay

the contingent claim the surrogate in the court of first instance applied the provisions of sections 1083-a and 1083-b of the Civil Practice Act and took testimony as to the value of the property *at that time*. The Court of Appeals pointed out that foreclosure, valuation of the property and obtaining a deficiency judgment were all future events and the surrogate was without authority to apply the Civil Practice Act sections as though a foreclosure action was then pending. The court particularly stressed the language of section 207 of the Surrogate's Court Act in rejecting the appraised value of the property as security and requiring reservation of assets equal to the full amount of the debt. However, as a result of that decision of the Court of Appeals, section 207 of the Surrogate's Court Act was amended so as to specifically authorize the surrogate to value the realty, as the security, where the debt is not presently payable and to reserve only sufficient estate assets which together with the value of the security will insure payment of the debt when payable. (Laws of 1941, chap. 86.) The purpose of this recent amendment is clearly set forth in the explanatory note printed with the legislative bill. This note, which is indicative of the legislative intent, provides as follows: " This bill is recommended by the Executive Committee of the Surrogates' Association of the State of New York. The proposed amendment to Section 207, Surr. Ct. Act, is designed to meet the situation created by the decision in *Matter of Burrows*, 283 N. Y. 540. The effect of that decision appears to be that if a decedent has executed a mortgage bond the representative of his estate is required to set aside a reserve out of estate assets of 100 per cent of the debt until the foreclosure of the mortgage and the ascertainment of the amount, if any, of a deficiency on the mortgage foreclosure sale. If the estate representative must reserve estate assets sufficient to pay the full amount of every unliquidated and contingent claim which is secured by collateral, the administration of estates will be greatly complicated and delayed. Such a reserve in most cases is wholly unnecessary because the mortgaged property or the collateral security for a debt is adequate to pay such mortgage or debt at maturity. The amendment is designed to permit the distribution of so much of the estate assets as are not required for the protection of the contingent claimant under an obligation of the decedent which is not yet due or liquidated. Under the decision in *Matter of Burrows, supra*, it would appear that the Surrogate is required to act in merely a clerical capacity in setting aside the reserve. Under the language of the proposed amendment the Surrogate is authorized to determine judicially whether any reserve of estate assets is required to pay the contingent or unliqui-

dated claim when due. In making such determination the Surrogate is authorized to place a value upon any collateral to which the creditor may resort for the payment of the contingent or unliquidated debt. This proposed legislation has the salutary purpose of affording full protection to the creditors of an estate and at the same time permitting distribution of estate assets not needed to pay debts to the legatees or distributees of a decedent."

In any event the comment of the Court of Appeals in *Matter of Burrows* (*supra*) as to the inapplicability of the provisions of section 1083-a of the Civil Practice Act to proceedings in the Surrogate's Court is not binding on the applicability of section 1077-b of the Civil Practice Act in this case. The first sentence of that section provides: " No action shall be maintainable or judgment shall be entered during such emergency, upon any loan, indebtedness, bond, extension agreement, collateral bond, or other evidence of indebtedness or liability, whether or not such indebtedness or liability shall have been thereafter reduced, extended, or modified, if the indebtedness originated or was originally contracted for simultaneously with such mortgage and is secured solely by such mortgage, or upon any guaranty of payment of the principal or installment or amortization of principal of any mortgage within the scope of section ten hundred seventy-seven-a or upon a guaranty of any obligation secured by such mortgage, so long as no action or proceeding shall be maintainable to foreclose such mortgage."

This language expressly provides that no action shall be maintained or judgment entered on any bond executed simultaneously with the mortgage where an action to foreclose the mortgage could not be maintained. Obviously the mortgagee here could not foreclose this mortgage as there has been no default in the payment of interest or taxes. Obviously no action on the bond could be maintained against these executors in the Supreme Court. No decree may be entered in this court directing payment of the bond because a decree of this court directing payment of a sum of money is the equivalent of and identical with a judgment of the Supreme Court. It may be enforced and executed in the same manner as a judgment. (Surr. Ct. Act, §§ 80, 81, 83, 84, 316.) The attempt to obtain payment in this court of the debt due under the bond is the exact equivalent of an action in the Supreme Court for that purpose. (*Matter of Schorer*, 272 N. Y. 247.)

The picture is thus presented of a mortgage creditor who cannot foreclose the mortgage or obtain a deficiency judgment seeking to collect the entire debt from the estate of the mortgagor in which the real property was never embraced while ample security for the ultimate payment of the debt exists or may be furnished.

No comment is necessary as to the other arguments made in support of this claim or of the numerous defenses set up. It is sufficient to say that the attempt to confiscate the assets of this estate and to disinherit the beneficiaries violates all principles of equity, the rules of estate administration and is in direct conflict with the letter and spirit of the moratorium laws. The application for payment of the claim is, therefore, denied. This claim is held to be contingent and enforcible under the provisions of section 207 of the Surrogate's Court Act.

Adequate security will be furnished this creditor to assure ultimate payment of the indebtedness. If the value of the real estate is insufficient, assets of this estate and of the estate of Henry V. D. Black (who died possessed of the mortgaged premises) may be resorted to and reservation of assets in both estates may be compelled.

Since this claim is contingent and not absolute it is necessary to take proof as to the value of the realty in order to determine the amount of estate assets, if any, necessary to secure the payment of the mortgage debt under the recently amended form of section 207 of the Surrogate's Court Act.

Accordingly, for that purpose, I have placed this matter on my calendar for the 5th day of February, 1942, at ten-thirty A. M.

Proceed accordingly.