In the Matter of the Accounting of JOSEPH A. NICKERSON, as Executor of GAIL BORDEN, Deceased.

Surrogate's Court, Westchester County, May 18, 1944.

*Forrest M. Anderson* for Occidental College, respondent.

*Sackett, Chapman, Brown & Cross* for Joseph A. Nickerson, as executor.

*Francis R. Doherty,* special guardian for possible unborn issue of decedent.

GRIFFITHS, S.  By a decree of this court dated and filed herein May 14, 1943, the attorneys for the successful claimant, Occidental College, were allowed the sum of $2,000 as and for counsel fees in the prosecution of the claim, and the further sum of $407.66 as and for disbursements.  The decree contained appropriate provisions directing the executor to pay both items.  An appeal was thereafter taken to the Appellate Division and the decree of this court was unanimously affirmed in all respects.  (*Matter of Borden,* 267 App. Div. 823, 830, 878, 960.)  Thereafter applications for leave to appeal to the Court of Appeals were denied by both the Appellate Division and the Court of Appeals.  (267 App. Div. 905; 292 N. Y. 723.)

Counsel for the successful respondent now applies to have the fair and reasonable value of the subsequent legal services

necessarily performed in this court and the appellate courts fixed and determined and that the executor be directed to pay the same. The provision of the note obligating the maker to pay, in addition to the face amount thereof and interest, a reasonable sum for further legal expenses necessarily incurred in the collection of the note, is valid and must be given effect. (*Waxman* v. *Williamson,* 256 N. Y. 117.) Under the circumstances, I am of the opinion that the fair and reasonable value of all such legal services so rendered, for which no previous allowance has been made, is the sum of $1,000. In addition thereto counsel will be allowed the sum of $27.58 as and for reasonable and proper disbursements necessarily incurred, making a total of $1,027.58.

Counsel have stipulated that the court determine also at this time whether the directions contained in the aforementioned decree dated May 14, 1943, to pay the legal fees in the sum of $2,000 and disbursements in the sum of $407.66 bear interest at the legal rate from the date of entry of the decree. It is clear that a decree of the Surrogate's Court directing the payment of a sum of money is the equivalent of and identical with a judgment of the Supreme Court. (Surrogate's Ct. Act, §§ 80, 81, 83, 84, 316; *Matter of Black,* 178 Misc. 71, affd. 266 App. Div. 837.) Subject to the limitations therein contained, section 316 of the Surrogate's Court Act provides that the provisions of the Civil Practice Act are applicable to the Surrogate's Court.

" A judgment for a sum of money rendered in a court of record or not of record, or a judgment rendered in a court of record directing the payment of money, bears interest from the time when it is entered." (Civ. Prac. Act, § 481.)

A similar question was presented in *Matter of Baker* (161 Misc. 562). After reviewing the pertinent statutes the learned Surrogate concluded that a provision in an accounting decree directing a trustee to pay a surcharge, bore interest from the date the decree was entered in the Surrogate's Court at the rate of 6% per annum. (See, also, *Matter of Dodge,* by Surrogate HENDERSON, N. Y. L. J., March 16, 1944, p. 1044, col. 5.) Furthermore, the taking of an appeal does not stay the running of interest. (*Matter of Garrabrant,* 178 App. Div. 23; *Matter of Ryer,* 120 App. Div. 154.) The question submitted is answered in the affirmative, namely, that the decree does bear interest at the legal rate from the date of entry therof.

Proceed accordingly and settle supplemental decree on notice, fixing the fees and disbursements as herein allowed and directing payment thereof by the executor.