In the Matter of the Accounting of CENTRAL HANOVER BANK AND TRUST COMPANY, Individually and as Trustee under the Will of FREDERICK A. HOYT, Deceased, Appellant. FREDERICKA H. HASLUP et al., Respondents.— Appeal by trustee from a decree of the Surrogate's Court of Westchester County surcharging it in respect of certain investments as being unauthorized. Decree, insofar as appealed from, affirmed, with costs. (*Matter of Easton*, 178 Misc. 611, affd. 266 App. Div. 713, leave to appeal denied, 291 N. Y. 828.) (a) The *Easton* case involved a *testamentary trustee,* as in the case at bar and testamentary provisions similar to those herein as to the character of investments to be made. When the Court of Appeals ruled, it had before it the contrary decision in *Matter of Doblin* (152 Misc. 406) upon whose doctrine the appellants necessarily rely. The court rejected that doctrine by its action in the *Easton* case in 1943. It also had before it the earlier cases invoked by appellants, *Matter of Smith* (279 N. Y. 479, January 10, 1939) and *Matter of Farina,* 279 N. Y. 780, January 10, 1939). The court must be deemed to have differentiated between a testamentary trustee, as in the *Easton* and instant cases, and a committee of an incompetent, as in the *Smith* and *Farina* cases, because of the difference in the statutes involved and the different factual situations. The facts in support of the objectants in the instant case are stronger than in the *Easton* case. Here the testator's language was that investments should be " only in such securities as savings banks under the Banking Laws of New York are *expressly* authorized to invest deposits." (Italics supplied.) This language excludes implication. In the *Easton* case the emphatic word " expressly " was not used by the testator. Section 235, formerly section 239, of the Banking Law in its introductory paragraph states that investments of savings banks are to be in certain thereinafter enumerated securities " and no others." In the enumeration there is no mention of mortgage participations. Therefore, they not being enumerated or " expressly authorized," to use the testator's language, and as the introductory statutory paragraph says that the savings banks are to invest in " no others " than those enumerated, a narrowing of the restriction imposed by the testator is not permissible. The testator's restriction takes precedence over any case law or statutory provision or authorization. This view is sanctioned by the action of the Court of Appeals in respect of the *Easton* case. (b) The surcharge in respect of the American Hard Rubber Company stock was proper. Carswell, Acting P. J., Lewis and Aldrich, JJ., concur; Johnston, J., with whom Adel, J., concurs, dissents in part with the following memorandum: I dissent from the decision herein insofar as it affirms that part of the decree surcharging the trustee with the amount of the investments in certificates of participation of bonds and mortgages, and vote to dismiss the objections concerning the same. The trustee was authorized to invest only in such securities in which savings banks of the State of New York are by law authorized to invest. In my opinion the trustee had authority to invest the trust funds in certificates of participation of bonds and mortgages to which it held legal title. (*Matter of Doblin,* 152 Misc. 406; see, also, *Matter of Smith,* 279 N. Y. 479; *Matter of Farina,* 279 N. Y. 780.) The statutory term " bonds and mortgages," by definition and common understanding includes parts or shares of such bonds and mortgages. (*Matter of Smith, supra,* p. 485.) *Matter of Easton* (178 Misc. 611, affd. 266 App. Div. 713), upon which the majority relies, may be readily distinguished in several respects, not the least of which is that there the mortgages on which the participation certificates were based were all mortgages taken several years before the depression and each

of the mortgages was held to be an illegal investment because it was in an amount exceeding investments legal for savings banks. Nor do I share the view of the majority that, because in *Matter of Easton* the Court of Appeals denied leave to appeal, it thereby approved the principle enunciated in that case and rejected the doctrine for which *Matter of Doblin* (*supra*) is authority. The court, speaking through Chief Judge CARDOZO, has stressed the fallacy of such reasoning and emphasized the futility of so concluding. " A denial of a motion for leave to appeal is not equivalent to an affirmance of the order thus withdrawn from review. It does not give to the order the value of a precedent. * * * a refusal to take jurisdiction of a cause has not the force of an affirmance after jurisdiction has been taken. Appellate Divisions and trial courts are at liberty, if they please, to give to such a refusal some measure of significance, as a token, though indecisive, of the impressions of this court. They are not bound thereby as by an authoritative precedent. This is the rule in the Supreme Court of the United States upon the denial of applications for writs of certiorari. [Citations.] It is the only safe rule if the doctrine of adherence to precedent is to be kept within reasonable limits." (*Matter of Marchant* v. *Mead-Morrison M. Co.*, 252 N. Y. 284, 297–298.)