In the Matter of the Accounting of CENTRAL HANOVER BANK AND TRUST COMPANY, as Trustee under the Will of FREDERICK A. HOYT, Deceased.

Surrogate's Court, Westchester County, December 11, 1945.

*Rathbone, Perry, Kelley & Drye* for petitioner.

*Jules G. Evens* for Fredericka H. Haslup and another, respondents.

*J. Hampden Dougherty,* special guardian for Mary Hoyt and others, infants, and for others, respondents.

GRIFFITHS, S. On this application for an order on remittitur from the Court of Appeals, a dispute has arisen with respect to the rate of interest to be allowed on an accounting decree of this court for the payment of money. An appeal from said decree was taken to the Appellate Division of this department, which resulted in an affirmance. (268 App. Div. 1002.) On an appeal to the Court of Appeals, the said decree was modified with respect to provisions thereof unrelated to the provisions presently under consideration, and otherwise affirmed. (294 N. Y. 373.)

The direction in said decree was made as a result of a determination of this court sustaining objections interposed to an intermediate account of petitioner as trustee under the will of this decedent, and imposing a surcharge for certain improper investments. The life tenants contend that the amount of such surcharge should bear interest at the legal rate from the date of the entry of the decree on March 15, 1944. The trustee contends that the rate should be at the average rate of return for trust investments during the period in question.

Contrary to the contention of counsel for petitioner, the fourth decretal paragraph of the decree does fix a liquidated sum to be paid by the trustee, individually, to itself as trustee. The decree further directs that the amount of the items of the surcharge representing principal and income, respectively, be disposed of by the trustee under and pursuant to the terms of the will, subject to the computation and payment of principal and income commissions.

It is well established that a decree of the Surrogate's Court directing the payment of a sum of money is the equivalent of and identical with a judgment of the Supreme Court. (Surrogate's Ct. Act, §§ 80, 81, 83, 94, 316; *Matter of Black,* 178 Misc. 71, affd. 266 App. Div. 837; *Matter of Borden,* 182 Misc. 501.)

" Where a decree directs the payment of a sum of money into court, or to one or more persons therein designated * * *. The docketing of such a decree has the same force and effect, the lien thereof may be suspended or discharged, and the decree may be assigned or satisfied, as if it were such a judgment." (Surrogate's Ct. Act, § 81.)

" The determination of the rights of the parties to a special proceeding in a Surrogate's Court, is a decree." (Surrogate's Ct. Act, § 78.)

" A judgment for a sum of money rendered in a court of record or not of record, or a judgment rendered in a court of record directing the payment of money, bears interest from the time when it is entered." (Civ. Prac. Act, § 481.)

" The rate of interest upon the loan or forbearance of any money, goods, or things, in action, except as otherwise provided by law, shall be six dollars upon one hundred dollars, for one year, and at that rate, for a greater or less sum, or for a longer or shorter time." (General Business Law, § 370.)

The effect of the various directions contained in said decree is that petitioner pay to itself, as trustee under the will, the various amounts therein set forth. In my opinion such directions constitute a decree for the payment of a sum of money " to one or more persons ", within the meaning of section 81 of the Surrogate's Court Act. The word " person " as employed in said statute is broad enough to include a corporate trustee. Moreover, the taking of an appeal does not stay the running of interest. (*Matter of Garrabrant,* 178 App. Div. 23; *Matter of Ryer,* 120 App. Div. 154.)

A somewhat similar question was presented in *Matter of Baker* (161 Misc. 562.) There the learned Surrogate concluded that an accounting decree directing a trustee to pay a surcharge bore interest from the date the decree was entered in the Surrogate's Court, at the legal rate.

Concluding as I do that section 481 of the Civil Practice Act is applicable, there is no authority or power to fix the rate of interest other than at the rate fixed by statute.

The contention of the trustee is accordingly overruled.

The amounts of the various allowances to be made to respective counsel and special guardian have been fixed and inserted in the order signed and filed simultaneously herewith.