In the Matter of the Arbitration between EDMUND C. GRAINGER, Respondent, and SHEA ENTERPRISES, INC., et al., Appellants.

*Per Curiam.* The order of December 16, 1954, is modified by striking therefrom the decretal paragraph appointing the third arbitrator. While the opinion of Special Term provided for such appointment if the parties or arbitrators were unable to agree on the third arbitrator, it does not appear that either party took any action to implement this provision prior to the signing of the order. The order to be entered herein shall provide that within fifteen days after service upon appellants of a copy of such order, the appellants shall notify respondent, in writing, of the name and address of the arbitrator selected by them. If such notification is not given within the stated time, an application may be made to Special Term upon notice for the appointment of a second arbitrator.

The orders appealed from are further modified by reversing so much thereof as denied in part appellants' cross motion that any order directing arbitration between the parties embrace and cover certain offsets and counterclaims of the appellants against the respondent arising out of the contract of February 11, 1936, as amended by the agreements of September 29, 1939, December 31, 1942, and June 4, 1946. The order to be entered herein shall provide that the matters and issues before the arbitrators shall include the following:

Whether petitioner is indebted to either Shea Enterprises, Inc., or Jamestown Amusement Company, Inc., or both, arising out of any breach of the employment contract of February 11, 1936, between petitioner and Maurice A. Shea, as supplemented or amended by the agreements of September 29, 1939, December 31, 1942, and June 4, 1946, respectively, as to the following matters:

(a) the operation of the Lawlor Theatre, Greenfield, Massachusetts;

(b) petitioner's liability to pay 25% of any judgment that may be recovered against Shea Enterprises, Inc., in connection with litigation now or heretofore pending in the United States District Court, Rhode Island District;

(c) the computation of bonus paid to petitioner between the years 1941 and 1945, both inclusive, including but not limited to the participation by petitioner in capital gains realized and his nonparticipation in capital losses sustained; and

(d) management fees paid to petitioner in connection with the operation of the Lyric Theatre, Lancaster, Ohio.

We conclude, after a careful examination of the record in the vacatur proceeding (*Matter of Shea,* 282 App. Div. 1013) and the record in the companion appeal decided herewith (*Matter of Shea,* 286 App. Div. 803) which brought up for review the decree of the Surrogate of Bronx County judicially settling the final accounts of the executors and trustees, that the appellants are neither foreclosed nor estopped from having these matters passed upon in the arbitration proceeding. Some of the issues were passed upon indirectly in the vacatur

proceeding. The Surrogate dismissed objections to the final accounts based upon some of these matters on the sole ground that they were encompassed within the intermediate accounts and that the objectants were estopped from litigating the issues by the decree judicially settling those accounts and the further decree in the vacatur proceeding. The appellants were not parties to the proceedings before the Surrogate.

We view this phase of the case as distinguishable from the contentions of appellants that the validity of the employment contracts should be litigated anew in this proceeding. The appellants in 1952 sought and obtained an order staying arbitration upon the representation that the validity of the contracts was to be determined in the vacatur proceeding. The contracts were found to be valid. The Shea beneficiaries acted in the vacatur proceeding on behalf and in the interests of the appellants with respect to the determination of the validity of the contracts. The appellants are now estopped from demanding that the issue be relitigated before proceeding to arbitration. (Restatement, Judgments, § 85.)

The orders, as so modified, should be affirmed, without cost.

Peck, P. J., Cohn, Breitel, Bastow and Rabin, JJ., concur.

Orders unanimously modified in accordance with the opinion herein and, as so modified, affirmed, without costs. Settle order on notice. [See *post*, p. 845.]