In the Matter of the Accounting of EDWARD C. RAFTERY et al., as Surviving Executors and Trustees under the Will of MAURICE A. SHEA, Deceased, Respondents-Appellants. MARGARET L. SHEA et al., Appellants-Respondents; O'BRIEN, DRISCOLL & RAFTERY et al., Respondents-Appellants, and THOMAS E. SHEA, as Trustee under the Will of MAURICE A. SHEA, Deceased, Appellant.

COHN, J. (dissenting in part). The decree of May 21, 1953, did not fix and defer payment of the compensation of the Referee. It allowed the amount fixed and directed that it was "to be paid out of the assets of this estate". The executors needed no more authority than was contained in the decree in order to properly make payment. As a consequence interest should be allowed on the amount awarded from the date of the decree (*Matter of Borden*, 182 Misc. 501; *Matter of Noe*, 178 N. Y. S. 774.) The appeal taken from the decree of May 21, 1953, did not stop the running of interest (*Matter of Garrabrant*, 178 App. Div. 23). In *Matter of Dodge* (47 N. Y. S. 2d 30, 32) the court said: "Section 481 of the Civil Practice Act provides: 'A judgment for a sum of money rendered in a court of record or not of record, or a judgment rendered in a court of record directing the payment of money, bears interest from the time when it is entered. * * *'" While this statute refers to a judgment, it undoubtedly contemplates a decree of the Surrogate's Court. Sec. 472, C. P. A.; Sec. 78, Surrogate's Court Act. Furthermore, by Sec. 316, S. C. A., the provisions of the Civil Practice Act are made applicable to proceedings in the Surrogate's Court so far as they can be applied to the substance and subject

matter of a proceeding without regard to its form. A decree of the Surrogate's Court directing the payment of a sum of money is the equivalent of and identical with a judgment of the Supreme Court. Matter of Black's Estate, 178 Misc. 71, 75, 32 N. Y. S. 2d 934. * * * Such interest would run from the date of the decree directing payment. Dunford v. Weaver, 84 N. Y. 445, 453; Matter of Baker's Estate, 161 Misc. 562, 293 N. Y. S. 538."

Accordingly, I dissent and vote to modify the decree appealed from by allowing interest from May 21, 1953, on the amount awarded the Referee, but otherwise affirms.

Peck, P. J., Callahan, Bastow and Botein, JJ., concur in decision; Cohn, J., dissents in part and votes to modify by allowing interest from May 21, 1953, on the amount awarded the Referee, but otherwise affirms.

Decree appealed from affirmed, with costs to all parties appearing and filing briefs herein payable out of the estate. [See *post,* p. 845.]