In the Matter of the Estate of NATHAN ERLANGER, Deceased.

Surrogate's Court, New York County, July 19, 1944.

*James N. Vaughan* for Sydney B. Erlanger, as surviving trustee, petitioner.

*Moss & Merrell* for Herbert E. Herrman, individually and as one of the executors of Frankie E. Herrman, deceased, life tenant of trust.

*Francis J. Mahoney,* special guardian of Renee Erlanger and others, contingent remaindermen.

FOLEY, S. In the examination of the surviving trustee, had pursuant to section 263 of the Surrogate's Court Act, objections have been raised by counsel for the fiduciary upon the general ground that the questions of counsel for the potential objectant improperly extended the scope of such examination.

The first group of questions to be ruled upon by the Surrogate involves an attempt to inquire as to the transactions of the trustee in purchasing and holding bonds in bearer form prior to the initiating date of the present account. The prior accounts were judicially settled by decrees made in 1931 and 1941.

Counsel for the potential objectant claims that he has the right to inquire into transactions occurring in the periods of the prior accountings because of the provisions of section 231 of the Surrogate's Court Act.

The Surrogate sustains the objections of counsel for the fiduciary to this line of examination. Since the enactment in 1916 of the predecessor section of the Code of Civil Procedure to section 231 of the Surrogate's Court Act, and for a period of twenty-eight years the practical construction accorded to the terms of the section has been that a fiduciary was permitted to invest in and retain bearer bonds.

By a coincidence, the author of this decision drafted and introduced as a member of the State Senate the legislative measure which became the predecessor section of the Code of Civil Procedure referred to above. (*Code Civ. Pro.*, § 2664-a.)

The pertinent part of section 231 reads: " Every executor, administrator, guardian or testamentary trustee shall keep the funds and property received from the estate of any deceased person separate and distinct from his own personal fund and property. He shall not invest the same or deposit the same with any person, association or corporation doing business under the banking law or other person or institution, in his own name, but all transactions had and done by him shall be in his name as such executor, administrator, guardian or testamentary trustee;  *  *  *. Any person violating any of the provisions of this section shall be guilty of a misdemeanor.''

Under these terms a fiduciary is not compelled·to register bonds in the name of the fiduciary of the estate as such. He may retain bearer bonds taken over at the death of the testator and any fiduciary may invest in new bearer bonds.

The section prohibits him from mingling the bearer bonds with his own property. They must be kept in a safe deposit box or other form of earmarked custody in the name of the fiduciary of the specific estate as such. The fiduciary must purchase such bonds in his name as fiduciary. They cannot be bought in his individual name. Sales likewise are required to be made in the name of the fiduciary as such.

The construction referred to above, which has been uniformly followed by the Surrogates' Courts, by trustees and their attorneys and by special guardians, was confirmed by the Legislature in the explanatory note to the amendment of section 231 made by chapter 343 of the Laws of 1939. That amendment was recommended by the Executive Committee of the Surrogates' Association of the State of New York. The explanatory note printed in the legislative bill read: " The changes proposed by this amendment relate only to registered securities. It is not intended to compel the fiduciary or the depository to register bearer bonds or to prohibit their retention without registration so long as such bearer bonds are identified, earmarked and segregated as assets of the estate.'' (Assembly Pr. No. 2641.)

Since the fiduciary here had the right to invest in and retain bonds in bearer form, the questions attempted to be asked of him are not the subject of examination. The objections to them are sustained.

[Other directions included in the original decision of the Surrogate omitted because of their subordinate importance.]