In the Matter of the Accounting of CHEMICAL BANK & TRUST COMPANY et al., as Executors of CAROLINE C. DOMMERICH, Deceased Trustee, et al., as Trustees under Indentures of Trust made by OTTO L. DOMMERICH, as Grantor, for the Benefit of LOUIS F. DOMMERICH and Others.

Supreme Court, Special Term, New York County, September 30, 1947.

*Charles V. Parsell* for Chemical Bank & Trust Company and others, trustees, petitioners.

*Saul Gordon,* guardian ad litem for Louis A. Dommerich and others, infants.

HECHT, J. This is a motion by trustees made pursuant to article 79 of the Civil Practice Act for a judicial settlement of their account. The only question presented is one raised by the guardian ad litem appointed by the court to protect the interests of the infant beneficiaries. He objects to the trustees' investment in and holding as part of the trust fund, certain municipal and United States Treasury bonds in bearer form when registered bonds of the same issue are available.

It has been stated by leading authorities on trust law that bonds payable to bearer are a proper investment, and need not be registered. In Scott on Trusts (Vol. 2, § 179.3) the rule is stated as follows: " A trustee does not commit a breach of trust by investing trust funds in bonds payable to bearer, instead of registering the bonds in his name as trustee. It is arguable, of course, that a trustee should not invest in bonds payable to bearer and that he should have the bonds registered in his name as trustee for the particular estate for which he holds them, since otherwise they are not earmarked as property of the trust. It would seem, however, that long established practice permits trustees to invest in bonds payable to bearer."

The rule is similarly stated in the Restatement of the Law on Trusts at section 179 (p. 458): "*d. Duty to earmark trust property.* Ordinarily it is the duty of the trustee to earmark trust property as trust property. Thus, title to land acquired by the trustee as such should be taken and recorded in the name of the trustee as trustee. Certificates of stock should be issued in the name of the trustee as trustee. If bonds held in trust are registered, they should be registered in the name of the trustee as trustee. If a bond is otherwise a proper trust investment, however, the mere fact that it is payable to bearer does not render it an improper trust investment, unless the terms of the trust prohibit holding securities payable to bearer."

In considering the obligation of a fiduciary to register bonds pursuant to the provisions of section 231 of the Surrogate's Court Act (applicable to testamentary trusts), Mr. Surrogate FOLEY in *Matter of Erlanger* (183 Misc. 607, 608–609) said:

" Since the enactment in 1916 of the predecessor section of the Code of Civil Procedure to section 231 of the Surrogate's Court Act, and for a period of twenty-eight years the practical

construction accorded to the terms of the section has been that a fiduciary was permitted to invest in and retain bearer bonds.

"By a coincidence, the author of this decision drafted and introduced as a member of the State Senate the legislative measure which became the predecessor section of the Code of Civil Procedure referred to above. (Code Civ. Pro., § 2664-a.)

"The pertinent part of section 231 reads: 'Every executor, administrator, guardian or testamentary trustee shall keep the funds and property received from the estate of any deceased person separate and distinct from his own personal fund and property. He shall not invest the same or deposit the same with any person, association or corporation doing business under the banking law or other person or institution, in his own name, but all transactions had and done by him shall be in his name as such executor, administrator, guardian or testamentary trustee; * * *. Any person violating any of the provisions of this section shall be guilty of a misdemeanor.'

"Under these terms a fiduciary is not compelled to register bonds in the name of the fiduciary of the estate as such. He may retain bearer bonds taken over at the death of the testator and any fiduciary may invest in new bearer bonds.

"The section prohibits him from mingling the bearer bonds with his own property. They must be kept in a safe deposit box or other form of earmarked custody in the name of the fiduciary of the specific estate as such. The fiduciary must purchase such bonds in his name as fiduciary. They cannot be bought in his individual name. Sales likewise are required to be made in the name of the fiduciary as such.

"The construction referred to above, which has been uniformly followed by the Surrogates' Courts, by trustees and their attorneys and by special guardians, was confirmed by the Legislature in the explanatory note to the amendment of section 231 made by chapter 343 of the Laws of 1939. That amendment was recommended by the Executive Committee of the Surrogates' Association of the State of New York. The explanatory note printed in the legislative bill read: 'The changes proposed by this amendment relate only to registered securities. It is not intended to compel the fiduciary or the depository to register bearer bonds or to prohibit their retention without registration so long as such bearer bonds are identified, earmarked and segregated as assets of the estate.' "

The amendment of section 231 referred to in the above opinion authorized nominee registration by trustees. Nominee registration was likewise authorized in the case of *inter vivos* trusts by section 25 of the Personal Property Law, added by chapter 215 of the Laws of 1944, effective March 21, 1944.

While there are conflicting decisions at Special Term, New York County, on this subject, it appears to me that the weight of authority permits retention of bearer bonds by trustees. In *Cooper* v. *Illinois Central R. R. Co.* (38 App. Div. 22 [1st Dept., 1899]), the court affirmed a judgment on the opinion of the referee who held (p. 27): "There is no rule that I am aware of that requires a trustee, if trust funds are invested in such securities [bearer bonds], to have the securities registered. The new trustees had the right to have the registration in the name of the deceased executor canceled. They were not bound to have the bonds re-registered in their own names, but might restore them to their original negotiability by having them transferred to bearer."

*Matter of Halstead* (44 Misc. 176, affd. on opinion of Surrogate 110 App. Div. 909, affd. 184 N. Y. 563) presents a direct holding on the question. In that case the beneficiaries sought to hold a surviving trustee liable for failing to require that securities belonging to the trust consisting of unregistered railroad and municipal bonds, be payable to or registered in the names of the trustees jointly and for failure to examine the safe deposit box where the securities were kept. The court (p. 181) held that it was not negligent of the surviving trustee to permit the bonds to remain negotiable, nor to purchase others in such form, and stated: "It has been urged that the surviving trustee was negligent in permitting the securities to remain of the same negotiable character as they were at the death of the testator, and in purchasing other securities without requiring that they be made payable to or registered in the names of the trustees jointly. The beneficiaries have failed to show any circumstance which tended to arouse the suspicion of the surviving trustee or themselves, or that there was the slightest reason to believe that the safety of the fund was endangered. No American authority has been cited to sustain this contention, and, in view of the situation outlined in this case, it was not, in my judgment, negligent for Halstead to permit the continuance of the methods which the testator had established and assented to. Wilkinson resided in Poughkeepsie, while Halstead lived in Brooklyn, and, owing to the circumstances referred to and the situation of the trustees, it would have been expensive and unusually cumbersome if the fund was so controlled that every detail of the administration required the joint action of the trustees."

The guardian ad litem argues that the decision of the Court of Appeals in *Matter of Union Trust Co.* (*Hoffman Estate*) (219 N. Y. 514) is authority for his contention. That case involved

mortgage participations, a type of security which, by its very nature, must be registered in someone's name. The court stated (p. 521) : " It is suggested that corporate or municipal bonds in which a trustee is authorized to invest trust funds may be payable to bearer, and, consequently, lack any stamp of owner- ship by the trust. While this is so of securities payable to bearer, the lack of any stamp of ownership on such securities arises from the peculiarity of the investment, and it does not affect the rule in regard to investments that can properly be made distinctive and bear upon their face evidence of their ownership."

However, the question of the right of the trustees to hold bearer bonds was not before the court. It seems to me, in the light of the court's affirmance in the *Halstead* case (*supra*) that it was referring to all bearer bonds, whether capable of registration or not, as a peculiar and distinct type of investment which need not be registered, as contrasted with other types of securities which, by their very nature, have to be put in someone's name, and consequently must be registered in the name of the trustee as such. Accordingly the objection of the guardian is overruled. Settle order at which time allowances will be fixed.